## *St. Clair Circuit.*

### IN THE MATTER OF JOHN F. KELLEY.

*Habeas Corpus—False Imprisonment.*

The complaining witness in a criminal case is not liable to an action for false imprisonment at the suit of the accused during the pendency of the prosecution.

On or about June 15, 1876, the petitioner, John F. Kelley, made a complaint in due form to a justice of the peace against one Alexander, charging him with perjury. A warrant was issued; defendant was arrested, examined and held for trial. At the August term of court, upon being arraigned, he moved to quash, without assigning any reasons. The motion was denied. He then declined to plead, and by order of the court a plea of not guilty was entered. Thereupon, by consent, the

cause, was continued over the term, and the bail already given was respited.

On the 26th of August, Alexander commenced a civil suit against Kelly by capias to recover damages for "malicious prosecution and false imprisonment," as is alleged in the writ.

The affidavit attached to the writ sets up that Kelly, without any just reason and for no probable cause, made an unjust and unfounded complaint, and therein falsely and maliciously accused him (Alexander) of being guilty of willful and corrupt perjury; that on such complaint he (Kelly) procured him (Alexander) to be arrested; that he was wrongfully arrested and falsely imprisoned on and for such false and malicious charge; that he was compelled to appear before the justice, and was examined and held to answer in the circuit; that thereby he has suffered in his good name, been put to expense and trouble, and claims damages $20,000.

Upon this affidavit the commissioner endorsed upon the writ an order that the defendant Kelly be held to bail in the sum of $5,000.

Kelly was arrested, and made his application in due form for a writ of habeas corpus. The writ was issued and served, and the sheriff returns that he holds Kelly by virtue of the capias, affidavit and order above mentioned.

The matter came on to be heard.

HARRIS, J.: It is claimed on the part of the petitioner that the affidavit annexed to the writ is not

sufficient in this, that it does not state that the proceedings against Alexander are at an end, and further, that the petition of this applicant and his proofs show that the proceedings are *not* at an end, and therefore it is claimed that the action cannot be maintained, or at least that there is no justification for the arrest of Kelly, and 27 Mich., 539, among other causes, is relied upon to support the claim made.

On the other side it is conceded that the position taken by counsel for petitioner is correct so far as it relates to malicious prosecution, but it is claimed that it does not apply to the action for false imprisonment, and 22 Mich., 300, is relied on. A distinction seems to be made in this case (in 22 Mich.,) between arrests in civil and in criminal causes. That was a *civil* cause. In Holcomb vs. Bonnell, 32 Mich., on page 8, the Supreme Court say, "It is supposed that decisions will be read, not as abstractions, but as propositions inseparably bound up with the particular issue and matters the court is then dealing with." Applying this rule to the case in 22 Mich., it does not support the position taken, even if a fair reading of it does in terms support it, which is doubted.

And when it shall be determined that the complaining witness in a criminal case is liable to be proceeded against for false imprisonment as soon as the accused is arrested and held for trial, the criminal code had better be repealed at once, for very few men would be willing to make complaint if by so doing they could at once be made defendants in a civil suit.

The conclusion on this application, then, is that the affidavit does not justify the holding of the petitioner,

especially when it appears, as in this case, that Alexander is now out on bail awaiting trial in the criminal case.

Petitioner discharged. See also Murphy vs. Walters, (34 Mich.)

(December, 1876.)

*C. R. Brown* for Petitioner.

*Atkinson & Stevenson*, contra.