GANCELO WHITE *vs.* ALBERT C. CARR.

Kennebec.    Opinion August 25, 1880.*

*Probable cause. Opinion of an attorney at law.    Malicious prosecution.*

When a person desirous of bringing an action against another, goes to an attorney at law for counsel, and the attorney is directly interested in the subject matter of the suit, and this interest is known to the client, if he takes the opinion of the attorney, so interested, that he has good cause of action, and acts upon it, and it turns out to be erroneous, in an action for malicious prosecution such opinion will not be sufficient to show probable cause though honestly given by the attorney.

To render an opinion of an attorney at law probable cause for bringing a suit, the client must prove that he communicated to his attorney all facts within his own knowledge, or of which he had been informed, or might have learned in the exercise of due diligence material to the merits of his case.

The charge of the judge in this case did not require the jury to so find and in that respect was erroneous.

ON EXCEPTIONS from superior court, Kennebec county.

ACTION for malicious prosecution.

Among other things the plaintiff excepted to the following instructions contained in the charge of the presiding justice to the jury :

"And we then come to the second proposition bearing upon this question,—want of probable cause.  But I do not adopt the same order that has been adopted by counsel in presenting the the case in argument.   Because, frequently, your labors may be much simplified and abbreviated by adopting a different order of inquiry whereby a determination of one question may render it entirely unnecessary to go any step beyond that ; as the determination of a question against the plaintiff on a preliminary point may render it unnecessary for you to proceed any further in your inquiries.   I therefore instruct you in reference to the proposition that this defendant, Carr, in bringing that action of slander acted upon the advice of counsel ; that if Mr. Carr, having certain communications made to him tending to show that Gancelo White had published defamatory and slanderous matter concerning him,

* Received by the Reporter March 30, 1881.

in good faith submitted all those facts to an attorney and counselor at law, and in good faith sought the advice, the opinion and judgment of that attorney and counselor at law, as to whether all those facts and circumstances afforded a ground for an action of slander, and thereupon received an opinion given also in good faith, that those facts and circumstances did afford a ground for action, and he thereupon commenced the action in good faith, that would be a justification for Mr. Carr in commencing that action of slander, and you would have no occasion to proceed any further in any inquiries of this case.

"You observe I have used the expression that the opinion of the attorney must also have been given in good faith. It is claimed on the part of the counsel for the plaintiff, that, to use his own language, the attorney and counselor at law was a co-conspirator. You will determine whether there is any evidence here tending to show a conspiracy between the attorney and counselor at law and Carr in reference to that action of slander. And if you find that the attorney in giving that opinion upon all the facts and circumstances disclosed by Carr or otherwise put into his possession, acted in good faith, was not so biased by any personal interest he had in the matter that he did not give an honest judgment, but gave his opinion as an attorney and counselor at law based upon his knowledge of law and experience in the trial of cases, that that action could be maintained, that would be a justification for Mr. Carr, and you would have no occasion to go any further in inquiring into the transaction itself, out of which all this difficulty has grown." ·

*Vose & Libbey*, for the plaintiff.

*Potter & Otis*, for the defendant. ·

We believe the rule of law to be this : Where a party acts *bona fide* in consulting counsel, and honestly and fairly presents his case, and pursuant to said counsel's advice given in good faith, commences a suit, believing he has a good cause of action, he will not be answerable in an action for malicious prosecution. *Stone* v. *Swift*, 4 Pick. 389 ; *Wills* v. *Noyes*, 12 Pick. 324 ; *Stevens* v. *Fassett*, 27 Maine, 266.

LIBBEY, J. This is an action against the defendant for maliciously bringing a civil action against the plaintiff for slander. To show probable cause for that action, the defendant claimed that he consulted an attorney of this court, took his opinion in good faith and acted upon it.

The case shows that the alleged slanderous words for which the action was brought, related to and embraced the attorney consulted, as well as the defendant, and in substance, charged both with a conspiracy to defraud. The fact was well known to the defendant when he consulted the attorney ; and the attorney brought and entered in court an action for the slander in his own name, at the same term at which he brought and entered the defendant's action.

Upon this point the judge, in substance, instructed the jury, that if the defendant sought the advice of the attorney in good faith, and the attorney in good faith gave him an opinion that he had a good cause of action, and the defendant acted upon that opinion in good faith in bringing the suit it was a good justification therefor.

We think this was error. A party who consults an attorney at law in regard to his legal right to bring an action against another, when the attorney is interested in the subject matter of the suit, and known by him to be so interested when consulted, cannot show the opinion of the attorney as probable cause for bringing the suit, although the opinion is honestly given.

We think the grounds upon which the opinion of an attorney can be shown as probable cause for bringing a suit are, that he is an officer of the court, held out to the public as one learned in the law ; and that the client has a right to presume that he will give him a fair, unbiased and well grounded opinion as to his legal rights. But when the attorney is directly interested in the subject matter of the suit, and his interest is known to the client, the client has no right to presume that he will give him an unbiased opinion ; and if he takes it and acts upon it, and it turns out to be erroneous, it will afford him no justification. The client knows that he has not consulted a disinterested and unbiased attorney. Neither a judge nor juror thus interested, would be

competent to sit in the trial of the case; and if either should act, it would be good ground for a new trial, although he acted honestly. Why should the opinion of an attorney thus interested be entitled to greater respect than the decision of the judge? It might as well be held that, when an attorney is defendant in an action for malicious prosecution, he may justify on the ground of probable cause, by satisfying the jury that, as a lawyer, he in good faith believed he had a good cause of action, although in fact he had none. We know of no authority to sustain such a proposition. The rule as established by the authorities, has gone quite far enough in holding the opinion of an attorney to be sufficient probable cause, and should not be extended.

But there is another error in the law as given to the jury by the judge in his charge. All the authorities agree that, to make the opinion of the attorney probable cause for bringing the suit, the client must prove that he communicated to the attorney, all facts within his knowledge or of which he had been informed, or might have learned in the exercise of due diligence, material to the merits of his case. This the charge of the judge did not require the jury to find. It did not require the jury to find that the defendant communicated to his attorney what he knew as to the truth or falsity of the alleged slanderous charge. This was a material element to be considered by the attorney. At most it only required the jury to find "that if Mr. Carr, *having certain communications made to him tending to show that Gancelo White had published defamatory and slanderous matter concerning him*, in good faith submitted *all those facts* to an attorney and counselor at law; and in good faith sought the advice, the opinion and judgment of that attorney and counselor at law as to whether *all those facts and circumstances* afforded a ground for an action of slander and *thereupon* received an opinion, given also in good faith, that *those facts and circumstances* did afford a ground for an action," it was a good justification.

It will be seen that this proposition did not require the jury to find anything more than that the defendant communicated to the attorney what had been communicated to him as to the charge

published by the plaintiff. It is wanting in some of the essential elements of the legal rule upon this branch of the case.

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.