BRUINGTON v. WINGATE.·

1. **Evidence:** MALICIOUS PROSECUTION: ENMITY BETWEEN THE PAR-
TIES. In an action to recover damages for malicious prosecution, evi-
dence is admissible to show hostility and unfriendly feeling entertained
by the defendant toward the plaintiff prior to the alleged prosecution.

2. ——: ——. Evidence considered which was held to support a verdict
for damages on account of malicious prosecution.

*Appeal from Cass Circuit Court.*

SATURDAY, DECEMBER 11.

ACTION for malicious prosecution. There was a verdict
and judgment for plaintiff. Defendant appeals.

*L. W. Ross* and *Temple & Phelps*, for appellant.

*J. R. Morris, Jr.*, for appellee.

BECK, J.—I. The defendant filed an information before a
justice of the peace charging plaintiff with the crime of petit
larceny, committed by stealing from defendant certain articles
of personal property of the value of five dollars. A warrant
was issued and plaintiff was arrested thereon. Upon a trial
before the justice he was discharged. Plaintiff alleges in his
petition that defendant instituted the prosecution maliciously
and without probable cause, and seeks to recover damages
therefor.

A witness for the plaintiff was permited to testify, against
defendant's objection, to a conversation had with defendant
some time before the prosecution was instituted,
in which defendant declared that he intended to
assist another in a lawsuit between such person
and plaintiff; that he believed that plaintiff was
wronging his adversary, and that he believed that plaintiff
was a rascal. The admission of this evidence is now com-

*1. EVIDENCE: malicious prosecution: enmity be-tween the parties.*

Bruington v. Wingate.

plained of by plaintiff. There was other evidence tending to show hostility and enmity on the part of defendant toward plaintiff. The evidence objected to, we think, was properly admitted to show the relations between the parties and the feelings of hostility and enmity entertained by defendant toward the other party. When such feelings exist malice may be more readily inferred from proper testimony.

Men do not institute unfounded prosecutions of their friends, and we can hardly suppose a case where a trivial prosecution of this character would be commenced unless an ill-feeling existed between the parties. And it must be admitted that in most if not all cases where malicious prosecutions without probable cause are instituted they are prompted by feelings of hostility and enmity. The evidence in question tends to show hostility and unfriendly feeling entertained by defendant toward plaintiff, which it would be proper for the jury to consider in determining the *animus* of defendant in instituting the prosecution. The court did not err in admitting the evidence.

II. Counsel of defendant insist that the verdict is not sufficiently supported by the evidence, and that the court 2. —: ——. therefore erred in overruling a motion for a new trial based upon that ground. Counsel claim that the proof fails to show the malice of defendant and want of probable cause for the prosecution.

We confess that, upon these points, the evidence hardly satisfies our minds, but we are clear that there is not such an absence of evidence thereon as to justify us in reversing the judgment. The rules that govern us in such a case are familiar and of almost daily application.

There is evidence tending to show the hostility and enmity of defendant toward the plaintiff. The defendant had also expressed an opinion unfavorable to plaintiff's honesty, and had intimated that he was guilty of other crimes of the character of the one charged in the information. This evidence, in connection with other testimony offered at the trial, tends

to show the malice of defendant. We cannot say that upon this point there is a total failure of evidence.

III. It is also insisted that the evidence shows the defendant had probable cause to institute the prosecution. This position is based upon testimony showing that the defendant consulted an attorney, who, upon statements made by defendant and a witness, advised the prosecution. But the jury may have found, upon evidence tending to establish the fact, that an understanding existed between defendant and the witness to injure plaintiff by the prosecution. The witness had a lawsuit with plaintiff, and was on unfriendly terms with him, all of which was well known to defendant. This witness did not testify in this case, and the absence of his testimony was not accounted for by defendant. Upon this testimony the jury may have found that notwithstanding the advice of the attorney defendant knew that there was no probable cause for the prosecution.

The foregoing discussion disposes of all points presented in the argument of defendant's counsel. The judgment of the Circuit Court must be

AFFIRMED.