MYRON E. THURSTON v. CHARLES T. WRIGHT.

*False imprisonment—Malicious prosecution—Evidence.*

1. In an action for false imprisonment and malicious prosecution, it is competent for the justice of the peace who issued the warrant to state fully what took place when the parties first appeared before him, and what proceedings were had; and he may be asked, on cross-examination by the defendant, "what conduct before him in the proceedings, or in his presence or hearing, on the part of the defendant, disclosed to him any maliciousness or over-anxiety to prosecute the criminal case, if any."

2. In such a case a letter from the prosecuting attorney, authorizing the commencement of the prosecution, is admissible as tending to show motive, and probable cause that an offense had been committed, and that the usual course was taken in such cases.

3. Where in a false imprisonment case the plaintiff is allowed, in proving damages, to show that he had subpœnaed witnesses, and the amount he had paid them, he may be asked on cross-examination to state the *specific* amount paid a given witness.

4. In a suit for false imprisonment and malicious prosecution the plaintiff may show exhibition of feeling on the part of the defendant after the suit was brought, as having some tendency to show motive, if connected with the matter in controversy.

5. While it is true that every kind of ill feeling is not necessarily indicative of malice, yet malice may be proved by evidence of defendant's conduct and declarations; and if such conduct resulted in a wrong done to plaintiff, statements indicating ill feeling towards the plaintiff may be introduced in evidence, as bearing upon the intent with which the wrongful act was committed.   Malice may be inferred by the jury from all the facts and circumstances given in evidence, and expressions of ill feeling are circumstances which are proper to be submitted to the jury.   Mere expressions of dislike or ill will by one towards another, unaccompanied by acts, do not constitute malice in the legal sense.   But where an act has been done,—such as instituting a prosecution,—then such expressions become relevant upon the question of malice.

6. Defendant's requests to charge were properly refused, for the reason that two important elements were omitted necessary to be shown in an action for malicious prosecution for commencing a criminal suit, namely, that defendant made a full and fair statement of all the facts known to him to the prosecuting attorney, who authorized the issuance of the warrant, and to his private attorney, who advised him in the premises, and that he acted upon such advice in good faith.

Error to Benzie. (Aldrich, J.) Argued April 18, 1889. Decided October 25, 1889.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*McAlvay & Grant,* for appellant.

*Pratt & Davis,* for plaintiff.

SHERWOOD, C. J.    This action was brought by the plaintiff to recover of the defendant damages for an alleged false imprisonment and malicious prosecution, procured by the defendant.    A trial was had in the Benzie circuit, before Judge Aldrich and a jury, and the plaintiff obtained a verdict for the sum of $300.    The defendant brings error.

Twenty-five assignments of error are offered for our review, 17 of which relate to the admission of the testimony, and the others to the charge and requests to charge.

The controversy leading to the arrest of Thurston grew out of a dispute as to the legal existence of a highway running across Mrs. Thurston's land, claimed to have been established by user for a period of 10 years or more by Wright, and which was denied by Thurston. Thurston, while Wright was using the road in hauling logs from the woods to manufacture into lumber, in common with others, went along the road, and with his hired men slashed and felled large trees across the track, standing beside the road, with the intent to prevent its use, and this completely obstructed it for the passage of teams and loads.

The defendant, after consulting with attorneys, and the prosecuting attorney, and the justice, and on being informed that the facts furnished a proper case for the plaintiff's arrest, made an affidavit, drawn by the justice, and applied for the issuance of a warrant against Thurston for obstructing the alleged highway.    He was arrested, brought before the magistrate, and arraigned upon the charge, and pleaded thereto "Not guilty."    The prosecuting attorney was present, and conducted the proceedings on the part of the people, and on motion of the respondent, after a jury had been struck to try the case,

the cause was adjourned for trial ten days. But before that time the prosecuting attorney notified the court and parties interested that the case would not be tried, and did not appear before the justice on the adjourned day, when the case was dismissed. The plaintiff, when arrested, went before the court, and, when the adjournment was had, no bail was required for his appearance on the adjourned day, and he returned to his home.

The plaintiff claims there was no road established by user; that defendant caused his arrest through malice, and his imprisonment was false, and without any reasonable cause; that the defendant, instigated by his malicious feelings towards plaintiff, urged the prosecution, and his arrest upon the warrant; that the whole proceeding was illegal; and that the court was without jurisdiction in the matter.

On the part of the defendant it was claimed by him that he had no malice against plaintiff, and that he took no improper part in instituting the proceedings against plaintiff, of which he complains, and was no more active, and took no more part, in their prosecution than should have been taken by any complaining witness believing that an offense had been committed, and in good faith desiring the offender to be brought to justice in the premises; and whatever he did he did in good faith, and under the advice of counsel and the prosecuting attorney of the county.

The cause was tried in the Benzie circuit, and the jury, under the evidence and charge of the court, returned a verdict against the defendant for $300. The case is now before us for review upon all the proceedings had therein.

It is undisputed that when Wright went before the magistrate to make the complaint he made a statement of the facts, presenting four affidavits from as many of the citizens in the vicinity of the road, stating that the road

had been used as a public highway for 10 years or more, and that the justice drafted the complaint and warrant, and delivered the latter to the officer for service. There was some testimony given tending to show that there had been some difficulty between the parties, and that ill feeling existed between them towards each other. It was, however, very slight, and not of a character to generate malice.

There was no error in allowing the justice to state fully what took place when the parties first appeared before him, and what proceedings were had. The justice was asked when upon the stand:

" What conduct before you in these proceedings, or in your presence or hearing, on the part of Wright, disclosed to you any maliciousness or over-anxiety to prosecute this case, if any?"

This was not allowed to be answered. We think the witness should have been allowed to make his answer. The question was asked upon the cross-examination of the justice. No ground was stated for the objection when made. The subject was an important one in the case.

The letter of the prosecuting attorney, authorizing the commencement of the prosecution, was, upon the objection of plaintiff's counsel, excluded by the court. This was error. It tended to show motive, and probable cause that an offense had been committed, and that the usual course was taken in such cases.

We think the testimony of plaintiff as to his having difficulty with the defendant, given upon his direct examination, was proper. It had a bearing upon the question of malice.

The plaintiff was allowed, in proving damages, to show that he had subpœnaed witnesses, and the amount that he had paid to them. He was asked for the specific amount he paid one Morgan, whom he had stated he had

paid. This was upon cross-examination. Upon objection being made, he was not allowed to answer. The respondent had the right to his testimony as to the exact amount, and his answer was erroneously excluded.

The plaintiff was allowed to show, upon the trial, exhibition of feeling on the part of defendant after the suit was brought. This was objected to. We think this was proper, as having some tendency to show motive, if connected with the matter in controversy, though not without it was so connected.

Witness Shea had made an arrangement, about the time this controversy arose, with Thurston, for the right to haul a quantity of logs across Mrs. Thurston's land, and pay him in an order on Wright, which Wright would not afterwards pay; and this was introduced in evidence, with all the attendant circumstances, against objection of defendant's counsel that it was irrelevant and immaterial. This was error, and the objection should have been sustained.

We find no other error than those noticed relating to the taking of the testimony.

It was substantially conceded that the complaint and warrant did not state an offense, and the question of damages was the principal one in the case. The court charged the jury that they should find the plaintiff was falsely imprisoned. We think the court went too far, when he unqualifiedly charged the jury, upon the subject of malice, that they might take into consideration—

"Any statements you may find which he has made in which he has expressed ill feeling against the plaintiff, if you find he has made such statements."

It is not every kind of ill feeling towards another that indicates malice in the person expressing them, and the jury should have been told they could only take into

consideration such statements as gave expression to such feeling.

The defendant's counsel asked the court to charge the jury as follows:

"1. That if the jury find that the defendant merely stated the facts and circumstances of which he complained to Mr. Betts, the justice of the peace, after having been advised by Frank B. Case, his attorney, and after having received the letter in evidence from the prosecuting attorney for this county, and these facts were submitted to the justice, and were by him reduced to writing, and sworn to by defendant, Wright, and that on such complaint, which was afterwards approved by the prosecuting attorney, the warrant was made by the justice, the defendant is not liable in this action for false imprisonment.

"2. If the jury find that Wright simply laid the facts and affidavits before the justice, and left all determination to the unbiased and unsolicited conduct of ' that officer, then he is not liable in trespass for false imprisonment."

We think these requests should have been given; that they were very proper under the circumstances of the case, and their refusal by the court was error. *Lock v. Ashton,* 12 Q. B. (64 Eng. Com. Law) 871; *Munns v. Dupont,* 1 Amer. Lead. Cas. 220; *West v. Smallwood,* 3 Mees. & W. 418; *Josselyn v. McAllister,* 22 Mich. 300; *Livingston v. Burroughs,* 33 Id. 511; *Murphy v. Walters,* 34 Id. 180.

The judgment at the circuit must be set aside, and a new trial granted.

CAMPBELL, J., concurred with SHERWOOD, C. J.

CHAMPLIN, J. I cannot concur in the opinion of the Chief Justice that the court went too far when he charged the jury upon the subject of malice that they might consider—

"Any statements you may find which he has made in which he has expressed ill feeling against the plaintiff, if you find he has made such statements."

While it is true that every kind of ill feeling is not necessarily indicative of malice, yet malice may be proved by evidence of the defendant's conduct and declarations; and if such conduct resulted in a wrong done to plaintiff, statements indicating ill feeling towards the plaintiff may be introduced in evidence, as bearing upon the intent with which the wrongful act was committed. Malice may be inferred by the jury from all the facts and circumstances given in evidence, and expressions of ill feeling are circumstances which are proper to be submitted to the jury. Mere expressions of dislike or ill will by one towards another, unaccompanied by acts, do not constitute malice in the legal sense. But where an act has been done,—such as instituting a prosecution,—then such expressions become relevant upon the question of malice.

Neither can I agree in the opinion that the requests to charge the jury, made by the defendant, and embodied in the opinion of the Chief Justice, should have been given. They omit two important elements:

1. That defendant made a full and fair statement of all the facts known to him to the prosecuting attorney, and to Frank B. Case, his attorney.

2. That he acted upon such advice in good faith. *Mesher v. Iddings,* 72 Iowa, 553 (34 N. W. Rep. 328); *Donnelly v. Daggett,* 145 Mass. 314 (14 N. E. Rep. 161); *Jones v. Jones,* 71 Cal. 89 (11 Pac. Rep. 817); *Schippel v. Norton,* 38 Kan. 567 (16 Pac. Rep. 804); *Chambers v. Upton,* 34 Fed. Rep. 473; *Johnson v. Miller,* 69 Iowa, 562 (29 N. W. Rep. 743); *Josselyn v. McAllister,* 22 Mich. 309; *Stanton v. Hart,* 27 Id. 541.

The case of *Murphy v. Walters,* 34 Mich. 180, is cited as sustaining the requests to charge. Had this case been an action for false imprisonment merely, and not for malicious prosecution, the case would have been in point. But this case proceeded upon the theory that the prosecution was malicious. There was a count in the

declaration for that cause of action, and under this count the authority cited is not in point, and to have given the charge as requested would have been erroneous.

I concur in reversing the judgment upon the other points stated in the opinion of the Chief Justice.

MORSE and LONG JJ., concurred with CHAMPLIN, J.