(84 N. W. Rep. 566.)

---

## Edvina Merchant *vs.* Michael Pielke.

Opinion filed November 28, 1900.

**Malicious Prosecution—Evidence.**

To entitle a plaintiff to prevail in an action to recover damages for malicious prosecution, it is necessary to prove that he has been prosecuted by the defendant either civilly or criminally, and that the· prosecution terminated in his favor. Further, that such prosecution 'was malicious, and without probable cause, and resulted in his damage.

**Evidence of Malice.**

For the purpose of showing the malice of defendant in instituting a criminal prosecution against plaintiff, evidence showing the relation of the parties, defendant's acts, conduct, declarations, and feelings of hostility and ill will towards plaintiff was admissible.

**Advice of Counsel.**

A defendant in an action for malicious prosecution, who seeks to rely upon the advice of counsel as a defense, must show that he communicated to such counsel all of the facts within his knowledge, and all that he could ascertain with reasonable diligence and inquiry, and that he acted on the advice received honestly, and in good faith in causing the arrest.

**Instructions—Good Faith.**

In this case defendant consulted an attorney who represented him in a civil action which involved matters closely related to the facts involved in the criminal charge. *Held,* that it was not error to submit to the jury the question whether the defendant acted in good faith in consulting such attorney. *Held,* further, that the court did not err in instructing the jury that it was not enough for defendant to prove generally that he stated all the facts to such attorney, and that it must be shown what facts were submitted to him.

**Damages.**

A certain instruction defining the elements of damages recoverable in an action for malicious prosecution examined, and *held* to correctly state the law.

**Verdict Not Excessive.**

> The jury returned a gross verdict for $800. *Held,* under the facts of this case, which show that the arrest was actuated by a high degree of malice, that to the extent that such verdict included exemplary damages it is not excessive, or beyond a sound and reasonable discretion.

Appeal from District Court, Richland County; *Lauder,* J.

Action by Edvina Merchant against Michael Pielke. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Morrill & Engerud,* for appellant.

Plaintiff's actual damage as to her feelings, mental suffering, etc., were trifling. Her money loss was only $27.50 and one day's time. Her actual damages, therefore, could not reasonably be placed at more than $50. The balance of the verdict must be accounted for on the theory of exemplary damages. In awarding exemplary damages the law requires a sound discretion based upon reason. The punishment must be in proportion to the offense. *Saunders* v. *Mullen,* 24 N. W. Rep. 529; *International Ry. Co.* v. *Telephone Co.,* 5 Am. St. Rep. 45; *Austin* v. *Wilson,* 50 Am. Dec. 767; *Southern Ry. Co.* v. *Kendrick,* 90 Am. Dec. 332; 12 Am. & Eng. Enc. L. 54. It was error for the court to instruct the jury that defendant was liable for attorney's fees when her attorney was employed by her husband. There is no evidence that plaintiff ever promised to compensate her husband for the expense which he incurred, hence, she, not having incurred this expense or become liable for it, cannot recover damages which she has not sustained. In *Chacey* v. *Fargo,* 5 N. D. 172, the court held, that the plaintiff was entitled to recover the amount expended for medical attendance, on the theory that the plaintiff had assumed that liability.

*Smith Stimmel,* for respondent.

The court properly charged the jury that it is not enough for defendant to prove generally that all the facts were laid before the attorney, but it must be shown what facts were communicated. *Struby, Etc., Co.* v. *Kyes,* 48 Pac. Rep. 663; *Atchinson, Etc., Ry. Co.* v. *Brown,* 48 Pac. Rep. 31; *Parker* v. *Parker,* 71 N. W. Rep. 421. It was proper for the court to leave it to the jury to say whether the attorney selected was a proper adviser under the circumstances. *Watt* v. *Corey,* 76 Me. 87; *Hess* v. *Banking Co.,* 49 Pac. Rep. 803. It must appear that all the facts within his knowledge, and which he could ascertain by the exercise of reasonable diligence, were laid before his counsel. *Parker* v. *Parker,* 71 N. W. Rep. 421; *Walter* v. *Sample,* 25 Pa. St. 275; *Wuest* v. *American Tobacco Co.,* 73 N. W. Rep. 903. Evidence of ill will was competent as showing malice. *Woodworth* v. *Mills,* 20 N. W. Rep.

728; *Casebeer* v. *Rice,* 24 N. W. Rep. 693; *Travis* v. *Smith,* 44 Am. Dec. 125; *Wild* v. *Odell,* 56 Cal. 136. The facts and circumstances, under which the prosecution acted, were competent for the purpose of showing that a reasonable man could not have believed the truth of the charge made by him. *Lunsford* v. *Deitrick,* 11 Am. St. Rep. 37; *Casebeer* v. *Rice,* 24 N. W. Rep. 693. The elements of actual damage, which it was competent for the jury to consider, were the expenses plaintiff was put to in making her defense, loss of time, deprivation of liberty, loss of society of her family, injury to her good name, personal mortification of being placed under arrest, wounded pride, mental suffering and smart from the malicious arts and acts of oppression of the defendant. *Hamilton* v. *Smith,* 39 Mich. 322; *Kolka* v. *Jones,* 6 N. D. 461, 71 N. W. Rep. 558; *Jackson* v. *Bell,* 58 N. W. Rep. 671; *Sheldon* v. *Carpenter,* 4 N. Y. 579; 55 Am. Dec. 301; *Rockwell* v. *Brown,* 36 N. Y. 217; *Parkhurst* v. *Masteller,* 57 Ia. 474; *Plath* v. *Braunsdorff,* 40 Wis. 107. Exemplary damages are authorized by our statute. § 4977, Rev. Codes. Damages being in the discretion of the jury will not be reviewed except in extreme cases. *Ross* v. *Jones,* 81 Am. Dec. 373; *Chapman* v. *Dodd,* 10 Minn. 350; *Neys* v. *Taylor,* 81 N. W. Rep. 901; *Pratt* v. *Pioneer Press Co.,* 20 N. W. Rep. 87.

YOUNG, J. Action to recover damages for malicious prosecution. Verdict for plaintiff for $800. Defendant moved for a new trial. This was denied, and judgment was entered on the verdict. Defendant appeals from the judgment.

The complaint alleges that the defendant, with malice and without probable cause, procured plaintiff's arrest and imprisonment upon the charge of malicious mischief, of which charge she was thereafter duly acquitted. Damages are alleged as a result of such wrongful arrest as follows: $30.15 expenses incurred in making her defense, and $2,000 for injury to her reputation, and for physical and mental suffering. The answer denied all of the allegations of the complaint.

The order denying the motion for new trial is assigned as error. Consideration of this requires a review of the alleged errors upon which the motion was based. They are: First, errors in the admission of evidence; second, error in the instructions. It appears that since 1898 plaintiff and her husband and their family have resided on a farm owned by the defendant, holding possession thereof under a five-year lease. Defendant and his family have also resided on said farm. The lease reserved certain rights to him, among which was the use of certain buildings. The dwelling houses occupied by the two families are close together, and the same is true of the other farm buildings. Shortly after the execution of the lease, differences arose between the parties thereto as to their respective rights thereunder, which differences resulted in numerous serious controversies between the members of the two families, and were the source of much vexatious litigation. See *Merchant* v. *Pielke,* 9 N. D. 245, 82 N. W. Rep. 878. On August 17, 1899, defendant

caused plaintiff's arrest, which arrest she alleges was without probable cause, and was malicious, and for which she now seeks to recover damages. It is shown that she was acquitted and discharged on August 18, 1899,—being the day succeeding her arrest. The law is entirely clear as to what facts a plaintiff in an action 'to recover damages for malicious prosecution must prove to warrant a recovery. They are these: "(1) That he has been prosecuted by the defendant, either criminally or in a civil suit, and that the prosecution is at an end; (2) that it was instituted maliciously, and without probable cause; (3) that he has thereby sustained damages." 2 Greenl. Ev. (16th Ed.) 424; 2 Rice, Ev. 1062. As has been seen, plaintiff was prosecuted criminally by defendant, and such prosecution resulted in her discharge. Consequently, the only facts for the jury to determine were the absence of probable cause for the arrest, the existence of malice, and amount of damages; and on each of these they found for plaintiff.

Nine of the errors assigned in the brief of appellant's counsel relate to the admission of evidence. Over defendant's objection the plaintiff and her husband were permitted to give the details of several of the numerous quarrels which occurred between the two families prior to her arrest. It is not necessary to refer to this evidence in detail. We have examined it with care, and agree that it was relevant and material on the existence of malice on the part of defendant in causing plaintiff's arrest. It is true, the jury might have inferred malice from want of probable cause. *Kolka* v. *Jones*, 6 N. D. 461, 71 N. W. Rep. 558. But plaintiff saw fit—as she had a right to do—not to leave the question of malice to inference, and accordingly offered evidence of express malice. To show this, she introduced testimony as to the relations of the parties, feelings of hostility and enmity entertained by defendant towards plaintiff, his acts, conduct, and declarations; all of which was proper to show the presence or absence of malice in making the arrest. Newell, Mal. Pros. 240; *Thurston* v. *Wright*, 77 Mich. 96, 43 N. W. Rep. 860; *Bruington* v. *Wingate*, 55 Ia. 140, 7 N. W. Rep. 479. "Whatever tends to show evil intent—malus animus—on part of the prosecution in instigating the indictment is properly admissible in evidence. The intent with which the prosecution was instigated is the controlling inquiry where there is want of probable cause." *Brown* v. *Willoughby*, 5 Colo. 1. See, also, *Walker* v. *Pittman*, 108 Ind. 341, 9 N. E. Rep. 175; 14 Am. & Eng. Enc. L. 61, notes; 1 Jag. Torts, § 200, and cases cited. Counsel for appellant urges that the admission of the evidence in question was highly prejudicial to defendant for the reason that it led the jury to mulct him in a much larger sum than they would have done had it been excluded. It certainly is true that the sum awarded as damages is not compensatory merely. In fact, the amount of the verdict clearly shows that it is chiefly punitive, and was exacted as smart money because of the evil motive with which

the arrest was made; and it is quite true, as counsel argues, that the amount of the verdict was influenced largely by the evidence complained of. But, nevertheless, the evidence was proper. The existence of malice was material to plaintiff's case, and if it showed that the defendant was actuated by a high degree of malice in causing the arrest, and thus the amount of exemplary damages was increased, he cannot say that he was legally prejudiced, any more than any other litigant who has failed in the testimony on a material issue.

We turn now to the alleged errors in the instructions. It appears that, before swearing out the complaint for plaintiff's arrest, defendant consulted an attorney in reference to making the arrest. The attorney consulted was in defendant's employ in a civil action involving matters closely connected with the facts which were material in the criminal charge. On this the court gave the following instructions, which are assigned as erroneous: (1) "I leave it for you to say from all the evidence in the case whether the defendant acted in good faith in consulting his own attorney employed by him in the civil action, and, if you find that he did not act in good faith in consulting with said attorney, then he cannot plead such advice as a defense to said action." Also the following: (2) "It is not enough for defendant to prove generally that all the facts were laid before the attorney, but it must be shown what facts were submitted." These instructions, in our opinion, correctly state the law. Advice of counsel cannot be resorted to as a mere cover for making a wrongful arrest. It is effectual as establishing the absence of malice and presence of probable cause only when it appears that the person relying thereon for protection "has communicated to his counsel all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence or inquiry, and has acted upon the advice received honestly and in good faith." Newell, Mal. Pros. 310. In *Bartlett* v. *Hawley* (Minn.) 37 N. W. Rep. 580, the court said: "The advice of counsel is relevant and material both to show probable cause and the absence of malice; and probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting. But good faith in acting under the advice of counsel is necessary to protect the party." Under some authorities the fact that the attorney consulted was interested in the civil litigation renders his advice inadmissible for purpose of justification. The reason for this, as stated in *White* v. *Carr*, 71 Me. 555, is that "the client knows that he has not consulted a disinterested and unbiased attorney. Neither a judge nor juror thus interested would be competent to sit in the trial of the case; and, if either should act, it would be good ground for a new trial, although he acted honestly. Why should the opinion of an attorney thus interested be entitled to greater respect than the decision of the judge?" The submission to the jury of the question of the defendant's good faith

in consulting the attorney who represented him in the civil litigation. in the case under consideration was entirely favorable to defendant. See *Watt* v. *Corey,* 76 Me. 87. Neither is the second instruction complained of open to criticism. The rule is that: "To obtain the protection which the advice of an attorney affords, it is not enough to prove generally that all the facts were laid before him. The proof must show what facts were communicated, so that it may be seen whether the presentation was full and fair." *Mercantile Co.* v. *Kyes* (Colo. App.) 48 Pac. Rep. 663; *Brooks* v. *Bradford,* 4 Colo. App. 410, 36 Pac. Rep. 303; *Railroad Co.* v. *Brown* (Kan. Sup.) 48 Pac. Rep. 31; *Clark* v. *Baldwin,* 25 Kan. 84; *Stevens* v. *Fassett,* 27 Me. 266; 1 Jag. Torts, 621; Newell, Mal. Pros. 318, 325. This instruction was also favorable to the defendant upon the evidence contained in the record.

The court also gave the following instruction, which is, in part, assigned as error: "The elements of damage to be considered by the jury, if you find for the plaintiff, are the expenses plaintiff was put to in the prosecution to protect herself, including reasonable attorney's fees, her loss of time, her deprivation of liberty, the loss of society of her family, injury to her good name, her personal mortification at being placed under arrest, her wounded pride, her mental suffering, and the smart and injury of the malicious acts and acts of oppression of the defendant, if you find any such were committed. These are what are known in law as direct damages, actual damages." This instruction states the general elements of damages, as recognized by both courts and text writers, which naturally result from malicious prosecutions. *Hamilton* v. *Smith,* 39 Mich. 222; *McWilliams* v. *Hoban,* 42 Md. 56; 3 Suth. Dam. (2d Ed.) § 1237; Newell, Mal. Pros. 494; 2 Greenl. Ev. (16th Ed.) 437. Appellant does not challenge it as a correct statement of the law, but it is contended that, as to two of the elements of damages enumerated, it was not applicable to any evidence in the case. It is urged that there is no evidence showing that plaintiff was deprived of her liberty, and that it was error, therefore, to instruct the jury that they might consider this as an element of damage. In this counsel is mistaken. It is true that plaintiff was not committed to jail, but she was nevertheless under arrest, and yielded obedience to the officer responsible for her custody from the time of her arrest until she was discharged at the trial. That portion of the instruction is also criticised wherein the jury are instructed that plaintiff's loss of time is also an element of damage to be considered. This was clearly an inadvertence on the part of the court. Plaintiff made no claim of damage for loss of time. No evidence was offered showing that she lost any time, and no evidence of its value. This portion of the instruction was clearly inapplicable to any evidence in the case. But under the circumstances it could not have misled the jury, and was not prejudicial. Plaintiff was discharged on the day following her arrest, so that it was not possible for the element

of loss of time to become a subject for consideration by the jury in estimating the damages. The reference to loss of time in the charge was superfluous, but, in our opinion, was not misleading, and therefore furnishes no ground of reversal. Thomp. Trials, § 2401.

A gross verdict for $800 was returned. $30.15 of this was for actual expenses incurred by plaintiff to secure her release. What portion of the remainder was compensatory and what punitive is not ascertainable, but it is apparent that the verdict is in a large measure punitive. It does not appear, however, in view of the high degree of malice shown to have actuated the defendant in causing plaintiff's arrest, that the jury went beyond the exercise of a sound and reasonable discretion in fixing the amount of damages. Finding no error in the record, this judgment is affirmed. All concur.