## Foster, Appellant, *v.* Union Traction Company.

*Negligence—Street railways—Jumping from moving car.*

The Supreme Court will not reverse a judgment on a verdict for defendant in an action against a street railway company for personal injuries where the plaintiff's evidence that he was thrown from a step of a car by a sudden motion of the car is contradicted by a previously signed written statement by himself that he jumped from the car, which statement was confirmed by the testimony of three of defendant's witnesses and by an admission on cross-examination of one of the plaintiff's witnesses.

Argued April 4, 1901. Appeal, No. 348, Jan. T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1900, No. 78, on verdict for defendant, in case of Clement S. Foster v. Union Traction Company. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries.

After the trial the plaintiff testified that on May 28, 1900, while he was a passenger on one of defendant's cars, and when he was standing on the lower step of the car ready to step off when the car stopped, the car gave a sudden jerk forward and he was thrown and injured. One of plaintiff's witnesses admitted on cross-examination that plaintiff stepped from the car while it was in motion. Three witnesses for the defendant testified that the plaintiff jumped from the car while it was moving. The defendant offered in evidence a signed statement by the plaintiff which was as follows:

" When a car going west on Arch Street was turning the curve at 21st Street to go north on 21st Street, I told the conductor I wanted off at Cherry Street. When the rear part of the car had reached the north crossing of Cherry Street, and was going at a moderate rate of speed, finding the car didn't stop I attempted to get off at the rear part while it was in motion, but as I was stepping from the step to the street the car increased its speed, causing me to fall, breaking my left arm, and hurting my left knee. The car after accident moved nearly to Race Street. I have read the above, and it is correct.

"CLEMENT STORER FOSTER,

2047 Cherry Street."

The court submitted the case to the jury.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–9) various excerpts from the charge; (10) that the charge as a whole was inadequate and misleading.

*Thomas A. Fahy*, for appellant.

*Thomas Leaming*, with him *Charles Biddle*, for appellee.

PER CURIAM, May 27, 1901:

This was an action of trespass brought to recover damages for personal injuries. On the trial of the case in the court below the defendant company requested the court to direct the jury to render a verdict in its favor. The request was refused on the ground that it was for the jury to determine from the evidence in whose favor the verdict should be. The instructions to the jury appeared to be impartial and free from error, and the result was a verdict and judgment in favor of the defendant company. The plaintiff then appealed to this court alleging that " the charge as a whole was inadequate and misleading." This allegation appears in the tenth assignment, and the other assignments are founded upon excerpts from the charge. A careful consideration of the charge as a whole and of the excerpts taken from it, has failed to disclose error in it. Our conclusion is that the appellant has no just cause to complain of anything said or done by the court in the trial of the case. We dismiss all the assignments of error and affirm the judgment of the court below.

Judgment affirmed.