## Foote *v.* American Product Company, Appellant.

*Negligence—Bicycles—Law of the road.*

A boy twelve years old was riding a bicycle on the right hand of the street, at an ordinary rate of speed, and rang his bell as he approached a crossing. As he approached the crossing a one horse wagon was driven at a moderate rate of speed around the corner, in such a way as to show that the driver intended to proceed along the street on the same side on which the bicycler was riding. The bicycler immediately began to check his speed by back pedaling, and in thus attempting to prevent a collision with the wagon, the right pedal of his bicycle struck the curb, and he was thrown to the left under the left rear wheel of the wagon, and injured. *Held*, that the case was for the jury, and that a judgment and verdict for the plaintiff should be sustained.*

Argued Jan. 8, 1902. Appeal, No. 189, Jan. T., 1901, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1898, No. 1013, on verdict for plaintiff in case of George Foote and Benjamin Foote, a minor, by his father and next friend, George Foote, v. American Product Company. Before Mc-Collum, C. J., Mitchell, Dean, Fell, Brown, Mestre-zat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Audenried, J.

The trial judge in his charge described the accident as follows:

The accident took place on the first of September, 1897, three and one half years ago. The injuries which this boy sustained arose not from a collision exactly, but from the near approach of the defendant's garbage cart and the bicycle on which the boy was riding. The boy lived somewhere in the neighborhood of Seventeenth and Spruce. His father and mother keep a boarding house there. He had been sent out by his mother on some errand. He was at that time a boy twelve years of age. He went off on his bicycle. He was returning from his errand and was riding upon his bicycle north upon Seventeenth street on the right-hand side of that street. That is, on the space between the right-hand curb-

---

* See Foote v. American Product Company, 195 Pa. 190.

stone of Seventeenth street and the right-hand rail of the car track as you look north.

The defendant's driver was driving a garbage cart owned by the defendant along Spruce street. The cart was being driven west on Spruce street, and it was going west on the south side of the car track. As it approached the corner of Seventeenth street the driver of the garbage cart pulled his horse south into Seventeenth street. As he was doing that Benjamin Foote was riding up closer and closer to the corner of Seventeenth and Spruce streets. The boy says, and in this Mr. Cloud corroborates him, that the defendant's wagon was not pulled across as one would direct its course if he wanted to go down Seventeenth street on the right-hand side of the street looking south, but that it was pulled across or directed on the diagonal so that it got some distance into Seventeenth street before its hind wheel got very far away from the curb of the east side of Seventeenth street. Young Foote seems not to have observed the defendant's wagon until he got almost to the street crossing. Then, he said, he saw it. By that time, however, he says the defendant's team had turned into Seventeenth street. To avoid a collision he had to back pedal. He was in a "V" formed by the curb on one side and the defendant's team on the other. He says that the proximity of the defendant's wagon to the curb was such that he was forced up against the curb, that the pedal on the right side of his bicycle struck the curb, and that the force of that impact threw his bicycle over so that he fell on the side towards the car track. As he lay there the hind wheel of the defendant's wagon passed over his left leg. causing a compound fracture.

Verdict and judgment for Benjamin Foote for $2,400.

Verdict and judgment for George Foote for $472. Defendant appealed.

*Error assigned* among others was in refusing to take the case from the jury.

*Maurice W. Sloan,* for appellant.

*Richard C. Dale,* for appellee.

PER CURIAM, February 24, 1902:

We have not found in the charge or in the answers to the defendant's points anything which calls for a reversal of the judgment entered on the verdict.

Judgment affirmed.

---

# White, Appellant, *v.* Philadelphia.

*Negligence—Waters—Municipalities—Independent contractor.*

Where a city awards to an independent contractor the work of dredging out a canal, and the contractor in pursuance of the work builds dams without constructing a by-pass to carry off the water, and an injury is done to neighboring land, the city is not liable for the injury.

Argued Jan. 8, 1902. Appeal, No. 84, Jan. T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1897, No. 1646, on verdict for defendant in case of Christopher White v. City of Philadelphia and Albert T. Randolph. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for injuries to land caused by the backing of water. Before ARNOLD, P. J.

The court charged as follows:

This action is brought against the city and the contractor; the city alone has been served and the city alone is the defendant. The work done was a perfectly lawful work, dredging out a canal. It was let out to an independent contractor, and the injury which was done was an injury done by the contractor in the manner of performing his work; building the dams without constructing what the witnesses called a by-pass to carry off the water. The city is not responsible for that; the contractor is, and, therefore under those circumstances, the verdict should be for the defendant.

Mr. Roney: Will your honor consider that we have brought evidence to prove that the dam was located by the inspector