## HUFFMAN v. BOSWORTH et al.

(140 N. W. 672.)

**Action — damages — prairie fire — insurance — evidence.**

1. In an action to recover damages for negligently setting a prairie fire which destroyed plaintiff's grain, the testimony of one C., an insurance agent, to the effect that one W., a stranger to the suit, caused such grain to be insured

in his name and that after the fire he collected the insurance thereon, all of which facts took place without plaintiff's knowledge or consent, was inadmissible and properly excluded.

**Instructions — negligence — ordinary care — nonprejudicial.**

2. Instructions defining negligence and ordinary care, examined and *held,* nonprejudicial.

**Instructions — jury — misleading.**

3. Certain instructions were improperly given relative to a matter regarding which there was no basis in the evidence, *held,* that the giving of such instructions could not have misled the jury and were nonprejudicial.

Filed February 5, 1913.   Rehearing denied March 22, 1913.

Appeal from District Court, Morton County; *Crawford,* Special J.

From a judgment in plaintiff's favor, and from an order denying a motion for a new trial, defendants appeal.

Affirmed.

*W. H. Stutsman,* for appellants.

The defendants were not required to equip their engine with the best modern appliances.   Shotwell v. Harrison, 30 Mich. 180.

They were only required to use such well-known apparatus as experience has shown to be reasonably adequate for the purpose.   Holman v. Boston Land & Security Co. 20 Colo. 7, 36 Pac. 797.

*B. W. Shaw,* for respondent.

The word "judgment," as used in the courts' instructions, is synonymous with the word "prudence," and is nonprejudicial.   Joseph Garneau Cracker Co. v. Palmer, 28 Neb. 307, 44 N. W. 464.

It is negligence *per se* for one to set or cause to be set on fire any woods, marsh, or prairie,—except in months of July and August.   Rev. Codes 1905, § 2061; Kelley v. Anderson, 15 S. D. 107, 87 N. W. 579.

Where the instruction is inapplicable to the facts established, such error is not necessarily misleading and prejudicial, and, where it is not so, it affords no ground for reversal.   Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574.

Fisk, J.   Plaintiff recovered a judgment in the court below against the defendant, for the sum of $315 as damages for the destruction by

fire of four stacks of wheat, which fire is alleged to have been started by the negligence of the defendants while transporting a traction engine and threshing rig along the public highway in the vicinity of such stacks. Two causes of action or grounds for recovery are alleged in the complaint,— one based upon the theory that such fire was started through the negligence of defendants in emptying the fire box of their engine upon the side of the road, without taking proper precautions to prevent the setting of fire to the adjacent prairie; and the other based upon the theory that the fire was caused by sparks negligently permitted to escape from the smokestack of such engine. The latter ground of recovery was, however, wholly abandoned by plaintiff, and no proof thereof was offered at the trial.

The appeal is both from the judgment and from an order denying a motion for a new trial.

Errors are assigned as follows:

"1. The court erred in striking out the testimony of L. N. Cary regarding the payment of the insurance upon the wheat to Fred Wolf.

"2. The court erred in instructing the jury upon the definition of negligence and ordinary care.

"3. The court erred in instructing the jury that a greater degree of care is necessary where the fire is pulled out on the road.

"4. The court erred in instructing the jury upon the issue of the fire being started by sparks from the smokestack, and upon the handling and care of the engine.

"5. The court erred in instructing the jury that defendants' engine was required to be equipped with the best modern appliances for the prevention of the escape of fire."

The first assignment of error is, we think, without merit. The testimony of the witness L. N. Cary, was clearly inadmissible, and was properly stricken out on plaintiff's motion. His testimony, in effect, merely tended to show that a third person, a stranger to the litigation, procured to be issued to him a policy of insurance covering such grain, and that he collected such insurance from the insurance company after such fire. Plaintiff is not shown to have had any connection with, or even knowledge of, such insurance, and received no benefit therefrom. It developed, on cross-examination of plaintiff, that this third person, one Wolf, was the owner of the land on which the grain was grown, and

had leased such land to plaintiff, who was to pay to Wolf as rent, one fourth of the crops, when threshed, but the undisputed evidence is that plaintiff owned three fourths thereof. Surely plaintiff is in no way bound by the acts of Wolf in procuring such insurance, or in collecting moneys from the insurance company to which he was not entitled, plaintiff having no knowledge thereof. Were the rule as appellant contends, then plaintiff could be deprived of his property rights without his knowledge or consent. If Wolf, at the time of the fire, owned a one fourth part of such grain, then the court very properly restricted plaintiff's recovery to the value of the three fourths interest owned by him; but the ruling striking out Cary's testimony was clearly correct, as such testimony was wholly incompetent to rebut the positive proof in the case as to plaintiff's ownership of the grain.

Error is next assigned upon that part of the instructions defining the terms "negligence" and "ordinary care." Upon this point the instruction is as follows:

"Negligence is defined in law, and that term, as used in these instructions, means the failure to exercise ordinary care. Negligence is failure in the matter of care under the circumstances. Every man is bound to be careful that others take no harm by his conduct or his actions. The measure of his duty is the circumstances of the case. What may be absolutely necessary under some circumstances to prevent others from harm may not be necessary under other circumstances. Negligence, as I have said, is the lack of care under the circumstances; is the doing of something which, under the circumstances and in view of his duty to endeavor to prevent other people's property from harm by reason of his conduct, a reasonable and prudent man would not do. It is a failure to do something which a man of good judgment and sound common sense would do in view of the circumstances out of a desire to perform his duty to protect other people's property from harm by reason of his actions."

While such instruction is not to be commended, we are not inclined to condemn it as fatally erroneous and prejudicial. With the exception of the last sentence, such instruction is above criticism; and we are not willing to hold that the latter portion, when taken in connection with what preceded it, had any tendency to confuse or mislead the jury. The entire testimony is not before us, and, in the absence of such testimony,

we are unwilling to say that the giving of such instruction was in the least prejudicial to defendants, even though when considered abstractly it might be deemed somewhat faulty. Such instruction is not without support in the authorities. Foote v. American Product Co. 201 Pa. 510, 51 Atl. 364; Foster v. Union Traction Co. 199 Pa. 498, 49 Atl. 270.

There is no proof that the fire was caused by the escape of sparks from the smokestack of the engine, and, as before stated, plaintiff abandoned this alleged ground of recovery. The evidence does disclose, however, that defendants emptied the fire box of this engine in the road, and the proof is undisputed that there was dry grass on either side of the roadway and in close proximity thereto; and we think the proof is quite conclusive that the fire started from live coals thus dumped from the engine, and which were, by the wind, communicated to such dry grass, causing the prairie fire which destroyed plaintiff's grain. If so, this was culpable negligence on defendants' part, or, at least, the instructions complained of were as favorable to them as the law required. Defendants were bound to know that live coals left in close proximity to dry prairie grass on a windy day constituted a highly dangerous agency, and the law exacted of them a high degree of care under such conditions. To say that they were bound to exercise "good judgment and sound common sense" in extinguishing such live coals in order to prevent them from setting fire to the prairie grass, under the circumstances, is not, in our judgment, stating it too strongly. In this connection see § 2061, Rev. Codes 1905, and Kelley v. Anderson, 15 S. D. 107, 87 N. W. 579.

The instruction complained of in the appellants' third assignment of error is somewhat indefinite, but, when considered in connection with the entire charge to the jury, we think the same was nonprejudicial. What we have said regarding the last assignment sufficiently disposes of appellants' contention under this assignment.

It is appellants' next contention that it was prejudicial error to instruct the jury relative to the second cause of action or the alleged ground of recovery that the fire was caused from sparks negligently permitted to escape from the smokestack of the engine, whereas such ground of recovery had been practically abandoned and no proof offered by plaintiff in its support. It is undoubtedly true that such instruction had no proper place in the case, and should have been omitted; but we

fail to see how the same could have misled the jury to any extent, for, by applying such instruction to the evidence, the jury could not possibly have found in plaintiff's favor, there being no evidence to support such a finding. It does not follow that an instruction which is inapplicable to any evidence in the case is necessarily prejudicial, where it appears that such instruction could not have misled the jury. Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574.

The foregoing, we think, sufficiently answers the various contentions of appellants' counsel. Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.