[The following opinions were retained on petitions for rehearing, and did not come into my hands in time for insertion in their chronological order.—REPORTER.]

## DONNELLY v. BURKETT *et al.*

1. **Malicious Prosecution:** EVIDENCE. In an action for malicious prosecution, the plaintiff offered in evidence an affidavit made by the defendant, and filed in the prosecution complained of, to the effect that the sheriff was partial to the defendant in that case, and prejudiced against the prosecution. *Held* that it was properly excluded as being irrelevant.

2. —— : ——. In such case certain records in the prosecution were properly excluded, when offered by plaintiff, because all the facts intended to be proved thereby were admitted by defendant's answer.

3. —— : —— : APPEAL. In such case the exclusion of a question asked the short-hand reporter as to what a witness testified to on the prosecution cannot be reviewed on appeal, where there is nothing to show what fact was intended to be elicited.

4. —— : —— : STATEMENTS TO COUNSEL. In such case one of defendants testified to statements he made to counsel before the prosecution was begun, and then, in response to a question, he testified that he did not withhold any fact in making the statement. *Held* that such testimony was properly admitted.

5. —— : —— : NEWSPAPER STATEMENTS : OBJECTION TO : ESTOPPEL. Where plaintiff, in such case, offered parts of a newspaper statement in evidence, he could not be heard to object to the defendant's offering omitted portions of the same statement, on the ground of incompetency.

6. ——: PROBABLE CAUSE: INSTRUCTION: GROUPING FACTS. In such case the court instructed the jury that if defendants honestly thought the plaintiff guilty of the crime with which they had charged him, and that belief was based upon a knowledge of facts and circumstances tending to show guilt, which were sufficient to induce an ordinarily reasonable and cautious man to believe plaintiff guilty, the jury should find probable cause. *Held* correct and sufficient, without enumerating and specifying the facts which would induce such belief of guilt. (*Johnson v. Miller*, 63 Iowa, 529, *distinguished*).

7. Appeal: VERDICT: EVIDENCE. Where a verdict is based on conflicting evidence, this court cannot set it aside as not being supported by the evidence.

8. New Trial: NEWLY-DISCOVERED EVIDENCE. A new trial should not be granted upon the ground of newly-discovered evidence which is merely cumulative and impeaching.

*Appeal from Linn District Court.*

· FILED, OCTOBER 12, 1887.

ACTION to recover for a malicious prosecution. There was a judgment upon a verdict for defendants, rendered November 21, 1885, from which plaintiff appeals.

*Preston Bros., Remley & Ercanbrack* and *Wolf & Landt*, for appellant.

*Piatt & Carr, W. G. Thompson* and *M. P. Smith*, for appellees.

BECK, J.—The plaintiff, a physician, was called to treat Mrs. Alice Downing, a married daughter of the defendant first named in the title of the action. He removed from her uterus a mole, and she afterwards died from the effects of the operation. After her burial the body was disinterred, and a *post-mortem* examination was held, and the jury returned a verdict that she "came to her death by the use of instruments in the hands of Dr. Donnelly, of Tipton." Plaintiff was held to bail for his appearance before the grand jury, but subsequently discharged upon *habeas corpus.* He was afterwards indicted for causing an abortion, and upon trial was acquitted. He alleges in his petition that his

arrest and prosecution were malicious, and without probable cause, and asks to recover damages. therefor. He complains upon this appeal of various alleged errors. The questions thus raised we will consider in the order of their discussion in the argument of his counsel.

I. The defendant Burkett, before the trial of the indictment, made and filed an affidavit charging that the person acting as sheriff was partial to defendant, and prejudiced against the prosecution. It is such an affidavit as would support a motion for the appointment of an elisor. Upon the trial of the case, the plaintiff offered the affidavit in evidence, but it was rejected. We do not discover from the record before us that a motion was made for an elisor, based upon this affidavit. It therefore could not have been material evidence. But, even if it be assumed that an elisor was appointed upon the showing made by the affidavit, it was irrelevant. It surely did not show that the prosecution was maliciously, and without probable cause, commenced or prosecuted.

*1. Malicious prosecution: evidence.*

II. The plaintiff offered in evidence the original court files in the case upon the indictment, the order of discharge entered therein, the proceedings in the *habeas corpus* case, the warrant issued, and other proceedings under the verdict of the coroner's jury. These papers and records were correctly excluded, for the reason that the facts intended to be proved thereby were admitted in defendant's answer. The time of the court should not have been consumed in hearing evidence to establish facts which were admitted in the pleadings.

*2. ——:——.*

III. A question was asked a witness, the shorthand reporter of the trial upon the indictment, as to a fact testified to by one of the defendants upon that trial. An objection thereto was sustained. We cannot review the court's ruling, for the reason that the record fails to show, and we cannot presume, what fact was intended to be elicited by the question. We cannot presume it would have been favorable to plaintiff, thereby presuming error.

*3. ——:——: appeal.*

IV. One of the defendants testified that he had consulted counsel before the inquest was held. He testified to statements he made to the counsel, and was then asked if he withheld any fact in making the statement, and he answered that he did not. The evidence, we think, was competent. It is to the effect that he told the whole truth. If plaintiff doubted the statement of the witness, he was privileged to make all enquiries relevant to the matter upon cross-examination. We think there was neither prejudice nor error in the court's rulings.

*4. ——:——: statements to counsel.*

V. The plaintiff offered in evidence a newspaper statement of the evidence before the coroner's jury. No objection was made to this evidence. The defendant subsequently offered omitted parts of this evidence, to which plaintiff objected; but, as he offered a part of this evidence, he ought not to be heard to object to all of it; nor can he be heard to deny its competency after having received the benefits of a part of it.

*5. ——:——: newspaper statements: objection to: estoppel.*

VI. The plaintiff objected to certain instructions on the subject of probable cause, on the ground that the jury are not informed what facts constituted probable cause for the prosecution. We think the instructions are not justly subject to this objection. Among other rules for determining the existence of probable cause, the court informed the jury that if defendants honestly thought the plaintiff guilty, and that belief was based upon a knowledge of facts and circumstances tending to show guilt, which were sufficient to induce an ordinarily reasonable and cautious man to believe plaintiff guilty, the jury should find probable cause. This rule is clearly correct, and sufficient to enable the jury to determine the issue of probable cause.

*6. ——: probable cause: instruction: grouping facts.*

Counsel for plaintiff think the court erred in failing to "group facts" in the instructions tending to show probable cause; relying upon *Johnson v. Miller*, 63 Iowa, 529. We do not think a failure to do this, when it is unnecessary to direct the minds of the jury to facts

O'Conner v. The Chicago, R. I. & P. Ry. Co.

to be considered upon the question of probable cause, is error. We think it was unnecessary in this case. The jury having been informed that if defendant believed, from facts which would induce a man of ordinary caution to believe, plaintiff guilty, there was probable cause for the prosecution. It was not necessary for the court to enumerate and specify the facts which would induce such belief.

VII. It is insisted that the verdict is in conflict with the evidence, and the court below therefore erred in overruling a motion for a new trial. The evidence was conflicting, and it cannot be said that the verdict is so wanting in support of the proof as to authorize the court below to disturb it.

7. APPEAL: verdict: evidence.

VIII. A motion for a new trial, based on the ground of newly-discovered evidence, was rightly overruled. This new evidence is cumulative or impeaching in its character, and, under familiar rules of the law, is not, therefore, the ground for a new trial.

8. NEW trial: newly-discovered evidence:

In our opinion the judgment of the district court ought to be AFFIRMED.