[No. 9891.  Department Two.  November 15, 1911.]

## J. H. FINIGAN, *Respondent,* v. P. E. SULLIVAN,· *Appellant.*[1]

WITNESSES—CROSS-EXAMINATION—EVIDENCE — RELEVANCY — REPU-
TATION.  In an action for malicious prosecution, it is not proper cross-
examination of the plaintiff to show that he was short in his ac-
counts as affecting his reputation, where the plaintiff had offered
no evidence of reputation.

APPEAL—REVIEW—HARMLESS ERROR.  It is not prejudicial error
to exclude evidence of reputation in an action for malicious prosecu-
tion, where the cause of action for injury to reputation was aban-
doned by the plaintiff.

WITNESSES—IMPEACHMENT—COLLATERAL MATTERS.  Where char-
acter is not. in issue, a party is bound by the answer of a witness
on that subject as involving a collateral fact.

MALICIOUS PROSECUTION—PROBABLE CAUSE—PROVINCE OF COURT AND
JURY.  In an action for malicious prosecution, probable cause is a
mixed question of law ·and fact, if the facts are in dispute, and is
properly left to the jury upon instructions by hypothetical reference
to the facts in evidence.

MALICIOUS PROSECUTION—DAMAGES—EXCESSIVE DAMAGES.  A ver-
dict for $2,000 for malicious prosecution is not excessive, where the
plaintiff was arrested without warrant, kept in jail over night, and
suffered in mind and body by reason of false accusation.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered May 16, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for malicious prosecution.  Affirmed.

*Farrell, Kane & Stratton,* for appellant.

*H. M. Ramey, Jr.,* for respondent.

CHADWICK, J.—Plaintiff brings this action to recover dam-
ages for alleged malicious prosecution.  In the complaint,
two causes of action are set forth; (1) that plaintiff was con-
fined in the city jail over night with criminals and persons
accused of crime, and thereby suffered great mental pain,

[1]Reported in 118 Pac. 888.

shame, and humiliation; (2) that he has been injured in his reputation, brought into public scandal, infamy, and disgrace. He also alleges that he has suffered a special damage in the sum of $200, paid out in defending himself from the alleged false charge of crime. From a judgment in favor of plaintiff, defendant has appealed.

It is assigned as error that the court wrongfully excluded evidence which, if received, would have tended to mitigate damages. Respondent was a witness in his own behalf, and when under cross-examination, after being interrogated as to a former employment, the following occurred:

"Q. You are not in their employ now? A. No, sir. Q. You got into a quarrel with them and are out of their employ? Mr. Ramey: I object to that. The Court: Objection sustained. Mr. Kane: I want to show, if the court please, that the ground of recovery in this cause is this man's character, and I will show by testimony here that he is short in his own accounts. The Court: I will sustain the objection. Mr. Ramey: I ask the court to instruct the jury not to regard that statement. The Court: Yes, the jury is so instructed and you may take your exception. Mr. Kane: I offered to prove that I can show this man—offer to show by his own testimony, if permitted to testify, that he was in the employ of this Rainier Meat Company— The Court: The plaintiff is not on trial for any crime or misdemeanor. Objection sustained. You may take your exception. Mr. Kane: I take it in an action that the character of the plaintiff, who is attempting to recover, is a part of the issue— The Court (interrupting): You can have an exception on the record."

The court excluded the evidence upon the theory that a specific act of misconduct would not be material testimony, and the case is here presented under a general discussion of the law of reputation and specific acts of misconduct, and combatted by reference to the fact that appellant had no knowledge of the fact sought to be established at the time he caused the arrest of plaintiff. It is unnecessary to go into these questions. Plaintiff had offered no evidence of reputation at the time, nor did he thereafter do so. It was

not proper cross-examination.   Whether appellant might have offered evidence of specific wrongdoing by making respondent his own witness, or when putting in his case, it is not necessary to decide.   But, if appellant's theory be adopted, the rejection of the evidence was not prejudicial.   The cause of action based on injury to reputation being abandoned by respondent and not submitted to the jury by the court, the question was directed to a collateral issue.   Another witness, the wife of respondent, answered without objection as follows:

"Q.  Did he have any trouble with the Rainier Meat Company about that time as to being short in his accounts?   A. No, sir, not at all; never had anything said."

"Unless character is in issue, evidence as to it is generally held to be inadmissible as involving a collateral fact."   26 Cyc. 89.

Appellant was bound by the answer of the last witness, and cannot now complain.

The main reliance of appellant is that no want of probable cause was shown, and that, notwithstanding, the court submitted the issue of probable cause to the jury to be determined as a fact, instead of deciding the question as a matter of law.   No very definite rule can be laid down in this class of cases, for the issue of probable cause is sometimes to be decided as a matter of law; at other times, to be decided as a question of fact, as stated in some of the cases.   The last hypothesis is not strictly accurate.   When not determined as a matter of law it is considered rather as a mixed question of law and fact; that is to say, the facts being disputed, the court should declare the law as applied to the facts of the particular case and leave it to the jury to say whether the facts as found by them bring the party accused within the rule of probable cause.   The best statement of the law that we have been able to find is in 1 Cooley on Torts (3d ed.), p. 321.   The author says:

"If the facts are not in dispute the question is for the court.   Upon disputed facts the jury must be left to pass,

but the court must determine on the facts found whether or not probable cause existed. As to what facts are sufficient to show probable cause is a question of law for the court, and whether such facts are proved by the evidence is a question for the jury. 'The court should group in its instructions the facts which the evidence tends to prove, and then instruct the jury that if they find such facts to be established, there was or was not probable cause, and that their verdict must be accordingly.' It is not competent for the court to give to the jury a definition of probable cause, and instruct them to find for or against the defendant according as they may determine that the facts are within or without the definition."

See, also, 29 Cyc. 105, 106, 107; 19 Am. & Eng. Ency. Law (2d ed.), 669-673; Newell, Malicious Prosecution, pp. 276, 277.

In the case at bar, the facts were disputed, and there is much room for difference of opinion. The instructions of the court were within the rule laid down by Judge Cooley. They are singularly explicit, and, after defining probable cause, the court, by hypothetical reference to the facts disclosed by the evidence, left it open to the jury to say whether there was a want of probable cause or no. None of our own cases bear directly upon the point at issue, but our present holding is within the logic of *Noblett v. Bartsch*, 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886, where, upon a disputed state of facts, this court sustained a ruling that the question of probable cause should be left to the jury; and *Simmons v. Gardner*, 46 Wash. 282, 89 Pac. 887, where, upon a holding that the facts were undisputed, the court held that probable cause had been shown as a matter of law.

Appellant contends also that the amount of the verdict is excessive, and can find no basis except in passion and prejudice. The amount returned upon the general issue was $2,000. We are not prepared to say that, in a case involving malice, this sum is more than in justice the injured party is entitled to. It is true that he is occupying the same position that he occupied at the time he was arrested. He has not been injured in his reputation, and as we have heretofore

shown, he claimed nothing on that account.  But the evidence shows that, aside from the fact that he was arrested without warrant and incarcerated and kept in jail over night, he has suffered in mind and body by reason of the false accusation. It would seem that an attempt on our part to revise or reduce the verdict would be an unwarranted assumption.

Finding no error, the judgment is affirmed.

Dunbar, C. J., Morris, Ellis, and Crow, JJ., concur.