## THOMAS L. COMEFORD v. C. N. MORWOOD.

### (158 N. W. 258.)

**Jurors — challenge — peremptory — right to — juror accepted — by both parties — not permitted — discretion of court.**

1. A party is not entitled as a matter of right (and without cause shown), to challenge, peremptorily, a juror who has been accepted by both parties. Under such circumstances it is, ordinarily, a matter resting within the trial court's discretion, whether a party should be permitted to submit such challenge,

and error cannot be predicated upon the denial of such challenge unless it is shown that the trial court's ruling amounted to an abuse of discretion.

**Probable cause — undisputed facts — question for court — substantial dispute as to facts — question for jury.**

2. What facts, or whether all or sufficient undisputed facts, constitute probable cause, is a question of law to be determined by the court; but when there is a substantial dispute as to what the facts are, it is for the jury to determine what the truth is, and whether the circumstances relied on as a charge or justification are sufficiently established.

**Prosecution — malicious — question of fact — ordinarily.**

3. Whether a prosecution was malicious is ordinarily a question of fact to be determined by the jury.

Opinion filed June 10, 1916.

Appeal from the District Court of Bottineau County, *Cooley*, Special Judge.

From a judgment and an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial, defendant appeals.

Affirmed.

*Weeks & Moum*, for appellant.

Each party to a civil action is entitled to three peremptory challenges. Comp. Laws 1913, § 7615; Silcox v. Lang, 78 Cal. 120, 20 Pac. 297.

Such challenges are made without assigning any reason, and the right of such challenge, within the limited number, is absolute, and cannot be abridged or impaired by any arbitrary rule of court. 24 Cyc. 351, 367; Mutual L. Ins. Co. v. Hillmon, 145 U. S. 285, 36 L. ed. 706, 12 Sup. Ct. Rep. 909.

To make out a cause of malicious prosecution, malice and want of probable cause must concur. 26 Cyc. 23.

In criminal prosecutions, probable cause means reasonable grounds for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the accused is guilty of the offense charged. 26 Cyc. 24.

The burden of proving malice and want of probable cause is on the plaintiff. 26 Cyc. 86.

The mere fact that there was an acquittal, or dismissal of the crimi-

nal proceeding, is not evidence of want of probable cause. Decen. Dig. p. 1970, and cases cited; 26 Cyc. 40; Bekkeland v. Lyons, 96 Tex. 255, 64 L.R.A. 474, 72 S. W. 56; Lindsey v. Couch, 22 Okla. 4, 98 Pac. 973, 18 Ann. Cas. 60; Kansas & T. Coal Co. v. Galloway, 71 Ark. 351, 100 Am. St. Rep. 79, 74 S. W. 521; Thompson v. Beacon Valley Rubber Co. 56 Conn. 493, 16 Atl. 554; Herbener v. Crossan, 4 Penn. (Del.) 38, 55 Atl. 223; McBean v. Ritchie, 18 Ill. 114; Hurd v. Shaw, 20 Ill. 354; Anderson v. Friend, 85 Ill. 135; Bitting v. Ten Eyck, 82 Ind. 421, 42 Am. Rep. 505; Philpot v. Lucas, 101 Iowa, 478, 70 N. W. 625; Stephens v. Gravit, 136 Ky. 479, 124 S. W. 414; Sundmaker v. Gaudet, 113 La. 887, 37 So. 865; Laing v. Mitten, 185 Mass. 233, 70 N. E. 128; Davis v. McMillan, 142 Mich. 391, 3 L.R.A.(N.S.) 928, 113 Am. St. Rep. 585, 105 N. W. 862, 7 Ann. Cas. 854; Shafer v. Hertzig, 92 Minn. 171, 99 N. W. 796; Boeger v. Langenberg, 97 Mo. 390, 10 Am. St. Rep. 322, 11 S. W. 223; Morgan v. Stewart, 144 N. C. 424, 57 S. E 149; Britton v. Granger, 7 Ohio C. D. 182; Eastman v. Monastes, 32 Or. 291, 67 Am. St. Rep. 531, 51 Pac. 1095; Fox v. Smith, 26 R. I. 1, 57 Atl. 932, 3 Ann. Cas. 110; Catzen v. Belcher, 64 W. Va. 314, 31 Am. St. Rep. 903, 61 S. E. 930, 16 Ann. Cas. 715.

Probable cause may also be shown by implied admissions of the accused; waiver of examination by the accused has generally been regarded as such an admission, and prima facie evidence of probable cause. 26 Cyc. 38; Barber v. Scott, 92 Iowa, 52, 60 N. W. 497; Vansickle v. Brown, 68 Mo. 627; Jones v. Wilmington & W. R. Co. 125 N. C. 227, 34 S. E. 398; Hess v. Oregon German Baking Co. 31 Or. 503, 49 Pac. 803; Brady v. Stiltner, 40 W. Va. 289, 21 S. E. 729.

Where a statement of a matter of fact is made in the presence or hearing of a party, so that he understands it, regarding a fact affecting him or his rights, and is of such a serious nature as to call for a reply, and the party is possessed of knowledge concerning the matter mentioned, his failure to make reply is admissible in evidence as tending to show an admission of the truth of the statement. 16 Cyc. 956; Murphey v. Gates, 81 Wis. 370, 51 N. W. 573; O. S. Paulson Mercantile Co. v. Seaver, 8 N. D. 215, 77 N. W. 1001; 1 Enc. Ev. 367.

Primarily, that which constitutes probable cause is a question of judicial opinion. What facts, and whether all or sufficient undisputed

facts, constitute probable cause, is to be determined by the court.   26 Cyc. 106.

*Cowan & Adamson* and *H. S. Blood,* for respondent.

CHRISTIANSON, J.   Plaintiff recovered a verdict against defendant for $500 in an action for malicious prosecution of a criminal action. The principal facts out of which this litigation grew are as follows: The plaintiff, Comeford, was indebted to the defendant, Morwood, on an unsecured promissory note for $41, and an open book account for $159.60.   In settlement of this indebtedness the plaintiff, on November 16, 1912, executed and delivered to the defendant, Morwood, a promissory note for $200.60, payable December 16, 1912, and secured the payment of said promissory note by chattel mortgage on two horses, a set of harnesses, and the 1912 crops on certain lands in Bottineau county.   Upon the execution and delivery of such note and chattel mortgage, Morwood delivered the unsecured promissory note for $41 to Comeford.

A few days after this transaction, Comeford went to Minot, North Dakota, and the defendant, Morwood, claims that upon investigation he learned that Comeford did not have any grain at the time the mortgage was given, and that the horses were of small value; that he thereupon consulted with his attorney, one Soule, who maintained an office at Westhope, where defendant also resided, and was advised by his said attorney to have Comeford arrested for obtaining property by false pretenses.   Thereafter, on November 15th, 1912, the defendant, Morwood, made a complaint before a justice of the peace charging Comeford with the crime of obtaining property by false pretenses; a warrant was issued upon said complaint, and Comeford was arrested at Minot on December 10, 1912, and soon thereafter brought before the magistrate at Westhope, whereupon he waived a preliminary examination and was held to the district court.   On December 16th, 1912, an information was filed in the district court charging defendant with the crime of obtaining property by false pretenses.   Upon being arraigned, Comeford entered a plea of not guilty.   When the case came on for trial, the trial court in its rulings on the admission of evidence held that the chattel mortgage did not constitute a valid mortgage on grain in the bin, and following such ruling the criminal action was dismissed

on motion of the state's attorney. Plaintiff thereafter brought this action to recover damages for malicious prosecution.

Only two errors are assigned and argued on this appeal. The first assignment of error is based upon the alleged refusal of the trial court to allow defendant's challenge to a juror. The following constitutes the entire record of the proceedings upon which this assignment of error is based:

Mr. Blood (plaintiff's attorney): We will challenge Mr. Smithson for cause, at this time, he being at the present time a magistrate.

The Court: The challenge is denied.

Mr. Blood: We will pass for cause.

Mr. Weeks (defendant's attorney): Pass for cause.

Mr. Weeks: *Pass for cause, and pass peremptory.*

Mr. Weeks: We have exercised a peremptory, call another juror.

Mr. Blood: Pass peremptory.

Mr. Weeks: We have exercised our second peremptory; call another one.

(At this time the jury was completed, and the court asked the clerk to call the names of those excused, which was done, and the following proceedings were had:)

Mr. Blood: The plaintiff at this time objects to the defendant's third peremptory challenge, Mr. John L. Edwards, for the reason that the defendant waived peremptory as to all of the jurors; that is, as to the first twelve men called, so that the defendant would have a right to peremptorily challenge only the jurors called after the waiver, and John L. Edwards is the third juror called.

Mr. Weeks: *I believe counsel is right about that;* Mr. Soule made the challenge, but I think he is too late at this time to make the objection.

Mr. Blood: If the court please, the counsel had no knowledge as to what juror was in fact challenged until he just now got the list from the clerk.

Mr. Weeks: I think the names were stricken off by Mr. Soule at the clerk's desk at each time.

The Court: Who was the man called in his place?

Mr. Blood: It was the last man called.

The Court: Mr. Bales, you mean?

Mr. Blood: Yes.

The Court: Well, to obviate any difficulty here, do you consent to the withdrawal of Mr. Bales, and the substitution of Mr. Edwards, the man who was stricken off?

Mr. Weeks: We are perfectly satisfied with the jury as it now stands. It was an oversight on our part, and it is unfair to take advantage of it at this time; it should have been objected to at that time.

Mr. Blood: If the court please, it was objected to as soon as we received knowledge as to what juror was in fact stricken off, and I think the challenge was made simply by noting it on the list the attorney had, and took it as a matter of course that it was the last juror that was called that was stricken off until I walked over to the clerk's desk and saw the third peremptory challenge was the third man called.

The Court: You ask now that Mr. Bales be withdrawn and that Mr. Edwards be placed on the panel?

Mr. Blood: Yes, sir.

The Court: All right, I will withdraw Mr. Bales, and Mr. Edwards may take his place in the jury box.

Mr. Weeks: Exception.

The record above set forth shows that defendant's counsel passed the juror Edwards both for cause and peremptorily. It also shows that he conceded that he had waived his right to peremptorily challenge this juror, and asserted that the challenge should be permitted to stand because plaintiff's objection to such challenge was not sufficiently timely. The record, however, discloses that the objection was made before the jury was sworn to try the case, and it also indicates that the objection was made as soon as plaintiff's counsel became aware of the fact that defendant's counsel had attempted to challenge a juror who previously had been accepted by both parties. It is not contended that Edwards was in any manner disqualified, or that any reason existed which might render him partial or unfair. Obviously a party who, after due examination or opportunity to examine, accepts a juror, cannot afterwards be permitted, as a matter of absolute right, arbitrarily, to change his mind and insist upon the discharge of such juror. The defendant was afforded full opportunity to exercise the statutory chal-

lenges to the different jurors. He accepted Edwards as a satisfactory juror. It seems self-evident that he was not entitled, as a matter of right, to challenge such juror peremptorily at the time the challenge was submitted, but permission to do so was a matter resting peculiarly within the trial court's discretion, and in no event can error be predicated upon the court's ruling unless it is shown that it constituted an abuse of discretion. In this case the trial judge, who saw and heard both attorneys and jurors, and was familiar with every incident of the proceedings, decided that no reason existed for permitting defendant's counsel to peremptorily challenge the juror whom he had previously accepted, and upon the record before us it seems too clear for argument that abuse of discretion has not been shown.

"No party can acquire a vested right to have a particular member of the panel sit upon the trial of his cause until he has been accepted and sworn. It is enough that it appears that his cause has been tried by an impartial jury. It is no ground of exception that, against his objection, a juror was rejected by the court upon insufficient grounds, unless, through rejecting qualified persons, the necessity of accepting others not qualified has been purposely created. Thus in the process of impaneling, no party is entitled, as of right, to have the first juror sit who has the statutory qualifications; though there are authorities to the contrary, chiefly based on exaggerated views of the rights of the accused in criminal trials. . . . Finally, it is a rule of paramount importance that errors committed in overruling challenges for cause are not grounds of reversal, unless it be shown an objectionable juror was forced upon the challenging party after he had exhausted his peremptory challenges; if his peremptory challenges remained unexhausted, so that he might have excluded the objectionable juror by that means, he has no ground of complaint." Thomp. Trials, 2d ed. § 120. See also Comp. Laws 1913, § 7615, and Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003.

Defendant's next assignment of error assails the court's rulings in denying his motion for a directed verdict. This assignment is based solely upon the contention that the evidence was insufficient to show that the criminal action was instituted maliciously and without probable cause. Defendant's contention is untenable. The criminal prosecution was based principally upon the alleged fact that Comeford had

represented to Morwood that he (Comeford) owned some grain described in the mortgage, whereas in truth and in fact Comeford did not have any such grain. It is conceded that the mortgage is in defendant's handwriting. Upon the trial of this action plaintiff testified that at the time he signed the mortgage it did not cover the crop, but that this portion of the mortgage was inserted after its execution and delivery. The defendant on the other hand contended that the mortgage was not altered after its execution and delivery, but that it covered the grain at the time of its execution by the plaintiff. Hence one of the disputed questions for the jury to determine was whether the mortgage at the time of its execution covered the crop. If this clause was afterwards inserted by the defendant, then it is self-evident that defendant must have known that there was no foundation for the prosecution, and the statement which he made to his attorney Soule was neither complete nor accurate. Under these circumstances it was for the jury to say whether the defendant caused the criminal action against the plaintiff to be instituted by reason of malice and without probable cause. For "the general rule is that where there is a substantial dispute as to what the facts are, it is for the jury to determine what the truth is, and whether the circumstances relied on as a charge or justification are sufficiently established, and for the court to decide whether they amount to probable cause." 26 Cyc. 107. As a general rule the question whether a prosecution was malicious is one of fact to be determined by the jury. 26 Cyc. 109. And the jury, having found that the criminal action was instituted without probable cause, might, and ordinarily would, draw the inference that the defendant was actuated by malice in causing the plaintiff's prosecution for an alleged crime which there was no probable reason to believe that plaintiff had committed. Kolka v. Jones, 6 N. D. 461, 66 Am. St. Rep. 615, 71 N. W. 558; 26 Cyc. 51; 19 Am. & Eng. Enc. Law, 678.

The record shows that the various questions of fact involved in this action were submitted to the jury under full and fair instructions. The verdict has substantial support in the evidence, and is binding on this court.

The judgment and order appealed from are affirmed.

### On Petition for Rehearing.

Appellant has filed a petition for rehearing. Such petition does not question the correctness of those portions of the opinion which deal with the propositions set forth in paragraphs 2 and 3 of the syllabus, but is directed exclusively at that portion of the opinion relating to the proposition set forth in paragraph 1 of the syllabus. A consideration of the petition for rehearing only tends to confirm our belief that appellant's contention is wholly without merit. But in view of the fact that appellant asserts that we were mistaken in the statement of facts upon which this portion of the opinion is based, and in order to eliminate any question regarding the facts, we have rewritten the opinion and inserted a literal statement of the proceedings had in the court below as shown by the statement of case. In order to avoid any misunderstanding, it may be stated that the former opinion has not been reported, and the foregoing opinion constitutes the decision of this court in this case.