## FREDERICK HUBER v. GEORGE ZEISZLER.

(164 N. W. 131.)

**Court — instructions — nondirection — misdirection — must be — to cause reversible error — attorneys — duty to request instructions.**

1. Nondirection, unless it amounts to misdirection, of the law concerning any subject-matter which may come before the court in the trial of a case, is not reversible error. If the defendant party to the case desires an instruction as to the law upon any particular subject-matter, it is the duty of the party or attorney, if such instruction is desired, to prepare such instruction and present it to the court, with the request that it be given. If this is not done, no error can be predicated upon the neglect or omission of the trial court to give an instruction or explanation of the law concerning such subject-matter or portion thereof.

---

NOTE.—As to availability of advice of counsel as a defense in an action for malicious prosecution, see notes in 18 L.R.A.(N.S.) 49 and 39 L.R.A.(N.S.) 207.

On power of appellate court to grant new trial for excessive damages, see note in 26 L.R.A. 391.

*Malicious prosecution — damages — action to recover — verdict — not excessive — no passion or prejudice shown.*

2. A suit for malicious prosecution, where the suit was brought to recover damages alleged to be in excess of $8,000, and a verdict is returned for $1,850, and costs aggregating $170.90, in all $2,020.90, it is *held* that such judgment is not excessive, and there is nothing in the record to disclose or indicate that such verdict was returned by reason of any passion or prejudice of the jury.

Opinion filed July 25, 1917.

Appeal from the judgment of the District Court of Mercer County, *J. M. Hanley,* Judge.

Affirmed.

*Langer & Nuchols* and *C. F. Kelsch,* for appellant.

It is true that malice is a question for the jury, and it may be proved by facts or inferred from the relation of the parties, the defendant's acts and ill will manifested toward plaintiff, or it may be inferred for want of probable cause. It is further conceded that legal malice will sustain an action for malicious prosecution, the only difference being the degree of proof required. But appellant contends that plaintiff has failed to prove these facts or conditions. Kolka v. Jones, 6 N. D. 461, 66 Am. St. Rep. 615, 71 N. W. 558; Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574, and authorities cited; Wuest v. American Tobacco Co. 10 S. D. 394, 73 N. W. 903; Krause v. Bishop, 18 S. D. 298, 100 N. W. 434; Van Meter v. Bass, 18 L.R.A.(N.S.) 49, and note, 40 Colo. 78, 90 Pac. 637; Ross v. Hixon, 46 Kan. 550, 12 L.R.A. 760, 26 Am. St. Rep. 123, 26 Pac. 955; Bauer v. Clay, 8 Kan. 585.

"The fact that defendant was bound over to the district court is prima facie evidence of the existence of probable cause." Such is the law in most jurisdictions. Ross v. Hixon, 46 Kan. 550, 12 L.R.A. 760, 26 Am. St. Rep. 123, 26 Pac. 955; Bauer v. Clay, 8 Kan. 585; Ganea v. Southern P. R. Co. 51 Cal. 140; Diemer v. Herber, 75 Cal. 287, 17 Pac. 205; Ash v. Marlow, 20 Ohio, 119.

"All instructions to the jury, whether given in writing or orally, shall be deemed excepted to." Comp. Laws 1913, § 7621.

The court should instruct on all appropriate matters, and the court is not relieved from this duty by failure of the parties to make requests.

38 Cyc. 691 (B); York Park Bldg. Asso. v. Barnes, 39 Neb. 834, 58 N. W. 440; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1.

Appellate courts will reverse and vacate judgment on the sole ground that the verdict is so excessive as to indicate passion, bias, or prejudice on the part of the jury. Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574; Smith v. Times Pub. Co. 178 Pa. 481, 35 L.R.A. 819, 36 Atl. 296, and cases cited.

*H. L. Berry* and *Hyland & Madden,* for respondent.

In malicious prosecution cases it is a question for the jury whether the disclosure to counsel is in good faith. Wren v. Rehfield, 37 S. D. 201, 157 N. W. 323; Snyder v. Mount, — Iowa, —, 159 N. W. 634; Wells v. Parker, 76 Ark. 41, 88 S. W. 602, 6 Ann. Cas. 259; Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574.

It is true that appellant threatened his wife until he made her say that Huber had intercourse with her; then it is evident that defendant must have known that there was no foundation for the prosecution, and the statement to his counsel was neither complete nor accurate, and no defense to the action. Comeford v. Morwood, 34 N. D. 276, 158 N. W. 258; Wells v. Parker, 76 Ark. 41, 88 S. W. 602, 6 Ann. Cas. 259.

The defendant in an action for malicious prosecution who seeks to rely upon the advice of counsel as a defense must show that he communicated to such counsel all of the facts within his knowledge. Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574.

The binding over of plaintiff is conclusive of no fact against him in such actions. Wells v. Parker, 6 Ann. Cas. 259, and note, 76 Ark. 41, 88 S. W. 602; Bechel v. Pacific Exp. Co. 65 Neb. 827, 91 N. W. 853.

The question of whether the prosecution was malicious or not is, as a general rule, one for the jury. Snyder v. Mount, — Iowa, —, 159 N. W. 634; 26 Cyc. 109.

Where the jury finds that the criminal action was instituted without probable cause, it might and naturally would draw the inference that the defendant was actuated by malice in causing plaintiff's arrest and prosecution for an alleged crime, which there was no probable cause or reason to believe plaintiff had committed. Kolka v. Jones, 6 N. D.

461, 66 Am. St. Rep. 615, 71 N. W. 558; Comcford v. Morwood, supra.

Error in failing to instruct fully upon a particular issue is waived by failure to request additional instructions. Quinn v. Chicago, M. & St. P. R. Co. 23 S. D. 126, 22 L.R.A.(N.S.) 789, 120 N. W. 884; Connell v. Canton, 24 S. D. 572, 124 N. W. 839; Belknap v. Belknap, 20 S. D. 482, 107 N. W. 692; Lunschen v. Ullom, 25 S. D. 454, 127 N. W. 463; Landis v. Fyles, 18 N. D. 587, 120 N. W. 566; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972.

The question of the false testimony before the magistrate was squarely put before the jury by proper instructions. Casey v. First Nat. Bank, 20 N. D. 211, 126 N. W. 1011.

In fixing the damages it must clearly appear that the jury went beyond the exercise of a sound judgment and discretion before its verdict will be held excessive. Merchant v. Pielke, supra; Rule v. McGregor, 115 Iowa, 323, 88 N. W. 814; Fiola v. McDonald, 85 Minn. 147, 88 N. W. 431; Neys v. Taylor, 12 S. D. 488, 81 N. W. 901.

GRACE, J. The action is one for malicious prosecution. The complaint alleges that on the 17th day of July, 1915, the defendant maliciously and without probable cause falsely charged the plaintiff herein with the crime of adultery, before a justice of the peace within and for the county of Mercer, and also swore to a criminal complaint before such justice, charging the same crime. Such complaint further shows that such charge was false, and that the defendant knew it was false at the time he made the complaint. The plaintiff further shows his arrest by reason of the making of such complaint and the issuance of such warrant. That, when the preliminary hearing was had, the plaintiff was bound over to the district court, and was tried by a jury, by whom he was acquitted. Plaintiff alleges damages by reason of money expended in employing counsel to defend him in said action, and the payment of witness fees, and alleges general damages in the sum of $7,500, and makes demand for judgment in the sum of $8,350.

The answer admits the arrest of the plaintiff by reason of the warrant, and states further by way of defense the binding over of the plaintiff upon the preliminary hearing. Defendant alleges further

by way of defense that he had good grounds to believe the plaintiff guilty of the crime charged, and in the manner charged in the complaint. Further by way of defense defendant alleges that, before the filing of such complaint and the issuance of such warrant, defendant consulted counsel and stated to them fully and fairly all facts and circumstances known to him in relation to such charge, and that such attorneys advised the defendant that he had probable cause for commencing such criminal proceedings.

Trial was had in the district court of Mercer county of all the issues in the case, and the jury returned a verdict in favor of the plaintiff for the sum of $1,850, and the costs and disbursements of the action taxed at $170.90, in all $2,020.90. Motion for a new trial was made, which was based upon the alleged passion and prejudice of the jury and the excessiveness of the verdict, and upon other grounds. An order was made denying the motion for a new trial, and judgment was entered. From the order denying a new trial and from the judgment the defendant appeals and assigns four specifications of error. First, that the court erred in denying the motion of the defendant for a new trial of the action, and in refusing to order a new trial of the action. The granting or refusing to grant a new trial rests largely in the discretion of the trial court, and unless there is plain abuse of such discretion, its order in such matter will not be disturbed. There appears to be no abuse of such discretion in this case. As to the second assignment of error, which is that the damages awarded by the jury are so excessive as to appear to have been given under the influence of passion and prejudice, we conclude there is no merit in such assignment of error. There is nothing in the record to indicate any passion or prejudice on the part of the jury, and the verdict is not excessive under all the circumstances of the case. As to the third assignment of error, which claims that the evidence is insufficient to justify the verdict, we are of the opinion that the verdict is amply sustained by the evidence in the case. There was sufficient evidence in the case to support the allegations of the complaint, and there was conflicting evidence as to certain material matters connected with the case; and it was the province of the jury to pass upon all disputed questions of fact presented to them, which they did, and returned a verdict in favor of the plaintiff, which is amply supported by the

testimony in the case. The fourth assignment of error, relating to the failure of the court to instruct the jury that the fact that the plaintiff had been held to answer the charge of the criminal action in district court after a preliminary hearing before a justice of the peace was prima facie evidence of the guilt of the plaintiff, is also without merit. It does not appear that the defendant requested any such instruction, and nondirection, unless it amounts to misdirection, in a matter of law in a civil case, is not reversible error. If defendant had desired any instruction, all he needed to do was to call the matter to the attention of the court, or prepare a written instruction himself upon the subject on which he desired the instruction of law by the court, and present it to the court and request the court to give such instruction. If the court refused to give such instruction, and it was an instruction which could or might have been properly given, or if the failure to give it in any way materially adversely affected defendant's cause, the defendant could then present to this court the failure of the court below to give such instruction as a ground for reversible error. Otherwise, if the court fails to explain or expound the law to the jury relating to some of the subject-matter of the action, and the defendant makes no request for instructions upon such subject, the defendant is not in position to complain, and cannot afterwards in the appellate court successfully contend that the failure of the trial court to give such instruction is reversible error. Thompson on Trials, vol. 2, § 2338, says: "In civil cases the judge is not bound to give his opinion to the jury upon any matter of law arising upon the evidence unless requested to do so by one of the parties. Where no such request is preferred, the presumption is that the jurors are acquainted with the rules of the law applicable to the case, and the failure to instruct them cannot be assignment for error." Our court passed upon the same subject in the following cases: Buchanan v. Occident Elevator Co. 33 N. D. 346, and 351, 157 N. W. 122; Halverson v. Lasell, 33 N. D. 613, 157. N. W. 682; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261; State v. Haynes, 7 N. D. 353, 75 N. W. 267. It is not necessary to discuss any of the testimony in this case. All such testimony came before the jury, and was weighed by them in arriving at their verdict. They were

37 N. D.—36.

the exclusive judges of all the facts and the credibility of the witnesses, and their judgment is conclusive upon such matters.

The judgment is affirmed, with costs.

ROBINSON, J. (concurring).   This is an appeal from an order and judgment denying a new trial in favor of the plaintiff in a suit for malicious prosecution.   The complaint charges that in 1915, without probable cause, the defendant falsely and maliciously charged the plaintiff with the crime of adultery, caused his arrest, procured false evidence against him, so that he was bound over and put on trial in the district court, and that on the trial the plaintiff was acquitted and discharged.   Special damages were alleged and proved to the amount of $850, and the jury found a verdict in favor of the plaintiff for $1,850.   The strong presumption is that the evidence was sufficient to sustain the verdict, and that presumption is well fortified by reading the evidence.

Defendant charged that on December 3, 1914, the plaintiff committed adultery, and he circulated a report to that effect.   The plaintiff commenced an action against him for slander.   Then on July 17, 1915, the defendant made complaint and caused the arrest.

Defendant's wife was a sickly woman, who had been for years subject to epileptic fits.   Apparently defendant wanted a new wife, and forced her to say that the plaintiff had been with her, which was not true.   Subsequently, in presence of the defendant and of numerous other parties, she stated positively that she was forced to say what she said; that defendant stood before her with a butcher knife and forced her to say it; and she made the declaration in presence of the defendant and of nearly a dozen other parties, and said it in a loud voice, and was crying when she said it.   She wept for the disgrace and shame which the defendant had brought upon her, and which probably shortened her life.   It is true she was called as a witness for her husband, and directly contradicted the testimony of all the numerous witnesses as to what she had said in their presence.   Then she was taken with one of her fits and had to leave the witness stand.   Her statements are so well disproved that her denial simply shows the fear she had of her husband.

The jury saw the poor, sickly woman, and heard her testimony and

that of all the other witnesses; and they had a right to conclude as they did, that the plaintiff was perfectly innocent, and that defendant put up a job and forced his wife to aid him, and that the prosecution was causeless, and not in good faith; and such is the convincing evidence. Hence, the conclusion is that defendant had a fair trial. The charge of the court was manifestly fair. The verdict is far from being excessive. It might well have been for $5,000.

Judgment affirmed.