[File No. 6094.]

H. J. REDAHL, Respondent, v. TOM STEVENS, Appellant.

(250 N. W. 534.)

Opinion filed March 18, 1933.   On rehearing October 25, 1933.

*Paul W. Boehm* and *F. M. Jackson,* for appellant.

*L. C. Broderick* and *Morrison & Skaug,* for respondent.

NUESSLE, Ch. J. This action was brought to recover damages for malicious prosecution. The case was tried to a jury. The plaintiff. had a verdict. The defendant thereafter moved for judgment notwithstanding the verdict or for a new trial. His motion was denied and he perfected this appeal from the judgment and order. The appeal is on the judgment roll. No statement of the case was settled, so the testimony is not before us. The defendant challenges the propriety of the instructions given and the only questions for our determination are as to whether this challenge is well taken, and if so, whether the instructions were prejudicially erroneous.

Plaintiff in his complaint alleged that the defendant maliciously, and without probable cause, filed a criminal charge and complaint before a justice of the peace charging the plaintiff with having committed a criminal offense; that the plaintiff was thereupon arrested and tried on such charge and was found not guilty; that on account of such prosecution he suffered damages which he seeks to recover. The defendant in his answer first made a qualified general denial; and then he alleged, that he was a peace officer; that as such officer he arrested the plaintiff for disturbing the public peace; that thereupon the plaintiff, resisting the arrest, escaped from the defendant; that thereafter the defendant made formal complaint before a police magistrate and caused the plaintiff to be arrested on a charge of resisting an officer in the lawful discharge of his duties and escaping while under lawful arrest; that the "complaint so made and the warrant thereafter issued and the facts therein stated were true."

The principal challenge of the defendant on this appeal, and the only one we can consider, is directed at the instructions. The defendant in his specifications of error recites generally that the court erred in its instructions and quotes, seriatim, a large portion thereof to which he takes exception. He does not, however, point out the particular parts of the instructions which he claims to be erroneous. He specifies gen-

erally that the court erred in failing to properly state the law to the jury; in failing to define malice and probable cause; and in charging with respect to the defense that the prosecution was begun on advice of counsel that the burden was on the defendant to establish this defense.

The record is not before us. We have no way of ascertaining what evidence the jury had to consider when it passed upon the merits of the case under the instructions as given by the court. So we must presume that the instructions were appropriate to the issues presented by the evidence and we will not hold them erroneous unless they are abstractly wrong. State v. Peltier, 21 N. D. 188, 129 N. W. 451; State v. Woods, 24 N. D. 156, 139 N. W. 321; State v. LaFlame, 30 N. D. 489, 152 N. W. 810; Isensee Motors v. Godfrey, 61 N. D. 435, 238 N. W. 550.

The defendant urges in his brief and contended on argument that the instructions generally were erroneous in that they did not state the elements constituting a cause of action for malicious prosecution. An examination of the charge, however, discloses that there is no foundation for this contention. The court charged:

"And in these two cases of malicious prosecution, before either of the plaintiffs can recover, they must establish by a preponderance of the evidence that the defendant, Tom Stevens, maliciously and without probable cause, subsequent to the assault and battery heretofore alleged, caused their arrest by filing a criminal charge and complaint against them; that they were subsequently tried upon said charge and found not guilty, and that by reason of the aforesaid and the notoriety and publicity given, their reputation was injured and they were caused a great deal of trouble and expense, and suffered great humiliation in mind and body and were damaged thereby. . . ."

Thus the jury were instructed that in order to enable the plaintiff to recover he must establish that he had been prosecuted criminally by the defendant; that the prosecution had terminated in his favor; that such prosecution was malicious and without probable cause and resulted in his damage. This is a sufficient statement of the proofs requisite to a recovery for malicious prosecution. See Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574.

. The defendant further insists that the instructions are insufficient

and erroneous for the reason that the court failed to define the terms "malice" and "probable cause." So far as appears from the record, there was no request that these terms be defined. In the absence of such request, the failure to define "malice" is not ground for reversal. This term has a general and definite meaning as ordinarily used. If there is any ground for complaint because of the use of the word without definition, it is on the part of the plaintiff rather than of the defendant, for the generally accepted meaning of the word is broader than the meaning essential to malice in actions of this sort. Malice, generally, connotes "enmity of heart; malevolence; ill will; a spirit delighting in harm or misfortune to another; a disposition to injure another, a malignant design of evil." Webster's New International Dictionary. On the other hand, "The malice necessary to sustain the action for malicious prosecution need not be ill will towards the plaintiff. Legal malice will support the action, and any unjustifiable motive constitutes legal malice. . . . Judge Cooley says: 'Legal malice is made out by showing that the proceeding was instituted from any improper or wrongful motive, and it is not essential that actual malevolence or corrupt design be shown.' ". Kolka v. Jones, 6 N. D. 461, 71 N. W. 558, 66 Am. St. Rep. 615. See also Wuest v. American Tobacco Co. 10 S. D. 394, 73 N. W. 903.

Again, with respect to the defendant's contention that the court failed to define probable cause to the jury, it is sufficient to say that the court again and again told the jury that the plaintiff could not recover unless he established by a fair preponderance of the evidence that the prosecution was begun without probable cause, and then, speaking more specifically, the court charged:

"The question for you to decide, Members of the Jury, in these cases of malicious prosecution is whether or not the defendant, Tom Stevens, had probable and reasonable cause for bringing the criminal action against Eric and H. J. Redahl in the justice court, and if you find from the evidence in these cases that he did have probable and reasonable cause to believe that they had violated the law and that he brought said actions in good faith and caused their arrest and prosecution for such violation of law, then and in that case the plaintiffs cannot recover damages for malicious prosecution.

"On the other hand, if the evidence discloses that he did not have

probable cause for bringing said action and that there was no justification for the bringing of said criminal prosecutions against them, and that the same was done maliciously and without probable cause, then and in that case the plaintiffs would be entitled to recover. . . ."

What is probable cause is a mixed question of law and fact. "If the facts are not in dispute the question is for the court. Upon disputed facts the jury must be left to pass, but the court must determine on the facts found whether or not probable cause existed. As to what facts are sufficient to show probable cause is a question of law for the court and whether such facts are proved by the evidence is a question for the jury. 'The court should group in its instructions the facts which the evidence tends to prove and then instruct the jury that if they find such facts to be established, there was or was not probable cause and that their verdict must be accordingly.' It is not competent for the court to give to the jury a definition of probable cause and instruct them to find for or against the defendant according as they may determine that the facts are within or without the definition." Cooley, Torts (3d ed.) pp. 321, et seq. See also Kolka v. Jones, 6 N. D. 461, 71 N. W. 558, 66 Am. St. Rep. 615, supra; Comeford v. Morwood, 34 N. D. 276, 158 N. W. 258; Shong v. Stinchfield, 47 N. D. 495, 183 N. W. 268; Finigan v. Sullivan, 65 Wash. 625, 118 Pac. 888.

Clearly, in view of the issues as made by the pleading and in the absence of a request for more specific instructions, the defendant has no ground to complain because probable cause was not more fully and clearly defined in the charge. The jury were told that if the defendant had probable and reasonable cause to believe plaintiff had violated the law and in good faith caused his arrest and prosecution for such violation, then the plaintiff could not recover. Thus, in effect, the jury were told what facts would constitute probable cause so as to enable them to determine whether or not there was such cause. See Donnelly v. Burkett, 75 Iowa, 613, 34 N. W. 330. This is not a case where it can be said that there was a total failure to instruct upon the essential and controlling issues. See Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93. And this court has heretofore held in an action brought to recover damages for malicious prosecution that "nondirection unless it amounts to misdirection in a matter of law in a civil case is not reversible error." See Huber v. Zeiszler, 37 N. D. 556, 164 N. W. 131.

The defendant further predicates error because the court charged that the burden of proof was upon the defendant to establish that he sought counsel with an honest purpose to be informed as to the law, and that he was in good faith guided by such advice in causing the arrest of plaintiff. In other words, his complaint is that the court placed the burden upon him to establish this defense. As we have heretofore remarked, the evidence is not before us, so we have no means of knowing what was disclosed therein with respect to the initiation of the prosecution on account of which the plaintiff complains, or what was done by the defendant in that behalf. We must infer, however, from the instructions given by the court, that the defendant had sought to establish an affirmative defense and, admitting the prosecution, had attempted to justify it on the ground that he had acted in good faith on advice of counsel. If so, the charge was correct in this respect. See Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574, supra; Wuest v. American Tobacco Co. 10 S. D. 394, 73 N. W. 903, supra; Newell, Malicious Prosecution, page 485; 36 C. J. 480. In any event, the court elsewhere in his instructions charged again and again that the burden was upon the plaintiff to establish both malice and want of probable cause, and there is no inconsistency between those portions of the charge and that of which the defendant here complains. See Williams v. Casebeer, 126 Cal. 77, 58 Pac. 380.

The judgment and order are affirmed.

BURKE, BIRDZELL, CHRISTIANSON and BURR, JJ., concur.

NUESSLE, J. (On Rehearing): On appellant's petition a rehearing was ordered. On reargument appellant urged that in the opinion filed no consideration was given to certain of his exceptions to the charge of the trial court.

As stated in the opinion, appellant in his specifications of error merely recited generally that the court had erred in its instructions, and quoted seriatim a large portion (seven paragraphs, consisting of 106 lines and dealing with several distinct subjects) thereof to which he took general exceptions. He did not point out the particular parts of the instructions which he claimed to be erroneous. Generally his

contention was that the instructions were erroneous because of failure to define malice and probable cause; because they charged with respect to the defense that the prosecution was begun on advice of counsel that the burden was on the defendant to establish this defense; and because they in substance charged that proof of acquittal by the justice amounted to proof of want of probable cause. These contentions were disposed of in the opinion heretofore filed. The further contention is now made, however, that the instructions were erroneous in other respects, particularly as regards the matter of advice of counsel.

We have considered the whole instruction and while it is in some respects uncertain and contradictory, yet we do not believe that the jury were misled thereby. The instructions must be considered as a whole. And the court did specifically charge: "You are instructed that if you find that the defendant prior to the institution of the proceedings which are alleged to have been malicious he in good faith consulted a competent attorney, to whom he made a full and accurate statement of all the facts, and that the prosecution was instituted in good faith in reliance on the advice received by the defendant from the attorney so consulted, then and in that event you must find for the defendant in the two malicious prosecution cases submitted in this action." This was a proper statement of the law given at the request of the appellant. With respect to those other portions of the charge which the appellant now further argues are erroneous, it is sufficient to say they were not definitely and specifically pointed out as objectionable nor was error on account thereof urged as a ground therefor on motion for a new trial. So, if erroneous, the error must here be considered as waived. See Isensee Motors v. Godfrey, 61 N. D. 435, 238 N. W. 550, and cases cited. See also Pease v. Magill, 17 N. D. 166, 115 N. W. 260 (decided prior to the 1913 practice act now in effect); Hedlun v. Holy Terror Min. Co. 16 S. D. 261, 92 N. W. 31; 3 C. J. 1376, and cases cited.

Appellant also insisted on reargument that the instructions were prejudicially erroneous in that the jury were misled thereby with respect to the effect that might be given to the finding of the justice of the peace that the plaintiff was not guilty of the charge that was laid against him in the former action by the defendant. In that behalf

appellant insists that thereby the jury were instructed that proof of acquittal by the justice amounted to proof of want of probable cause. As we read the instruction at which appellant directs this challenge—it is quoted in the opinion heretofore filed—the jury were told that in order to enable the plaintiff to recover he must establish that he had been prosecuted criminally by the defendant; that the prosecution had terminated in his favor; and that such prosecution was malicious, without probable cause, and resulted in his damage. As said in the former opinion, that part of the instruction which referred to the trial and finding of not guilty informed the jury that the prosecution in that case must have been terminated in favor of the plaintiff in the instant case. It is true that the jury were not told that they should consider the evidence with respect to the termination of the former trial for this purpose only. Nevertheless, that was the effect of the instruction. The jury could not have understood it otherwise. And there was no request for any other instruction touching the matter.

The opinion heretofore handed down is adhered to.

BIRDZELL, Ch. J., and CHRISTIANSON, BURR and BURKE, JJ., concur.